Ruggles, J.
 

 The evidence on the trial tended to show that Wilkins, Rollins & Glentworth were partners in the tobacco
 
 *470
 
 business in the city of New-York, under the name of Wilkins, Rollins & Co. In March, 1839, Gilbert A. Wilkins, one of the partners, hired of R. Donaldson, in his own name, but for the use of the firm, a store-house in Broad-street, and his brother, George M. Wilkins, became security for the payment of the rent! at the rate of $900 a year. The store was occupied for the partnership business. Gilbert A. Wilkins paid one-third of the rent. For the purpose of providing for the payment of the other two-thirds, Glentworth made a draft on the plaintiff, Pearce, which Pearce accepted as follows:
 

 “New-York, February 6, 1840.
 

 $522.
 
 Three months after date please pay to my order five
 
 hundred and
 
 twenty-two dollars value received, and charge the same to the account of Your most ob’t serv’t,
 

 Jambs B. Glentworth.
 

 To Nathaniel Pearce, Esq., New-York.
 

 Endorsed Jas. B. Glentworth.
 

 Accepted N. Pearce.”
 

 Glentworth was indebted to Pearce when the draft was accepted and when it became due.
 

 . Gilbert A. Wilkins, one of the firm, was present when the draft was made and accepted. Pearce then asked him for a receipt, signifying that the draft should be paid by Wilkins, Rollins & Co., which Wilkins declined giving; and thereupon Glentworth made and delivered to Pearce the following receipt in the name of the firm:
 

 “ Thursday,- February 6.
 

 Borrowed of N. Pearce for our accommodation, his acceptance on J. B. Glentworth’s draft, at three months from this date, for $522, which we promise to take care of at maturity.
 

 Wilkins, Rollins & Co.”
 

 Gilbert A. Wilkins did not assent to Glentworth’s signing the receipt in the name of the firm, but refused to agree to it in Pearce’s presence. Wilkins nevertheless took the draft from Glentworth and applied it to the payment of the rent of the store, by paying it to Gouverneur M. Wilkins, who had become
 
 *471
 
 security therefor to Donaldson the landlord. Rollins, on being informed by Wilkins of the circumstances under which the acceptance was made and the receipt given, made no objection to the transfer of the draft to Gouv. M. Wilkins for the rent. Gouv. M. Wilkins paid the rent to Donaldson, in June, 1840, and afterwards collected from Pearce the amount of his acceptance by a suit at law. This action was brought by Pearce against the partnership, to recover back the money he was thus compelled to pay.
 

 In the course of the trial the defendants introduced in evidence a release executed under the hand and seal of the plaintiff, to the defendant Glentworth, dated November 27, 1840, discharging him from all claim for damages, costs or charges as
 
 drawer
 
 of the draft above mentioned.
 

 There was sufficient evidence of the partnership to require the case to be submitted to the jury on that point. Glentworth had admitted it by his default. • Wilkins had expressly stated it in his evidence in the former suit, against Pearce; and the existence of the partnership was fairly'to be inferred from the evidence given by Rollins, on the same occasion.
 

 The release was inoperative, because Glentworth was not liable to him as drawe^ of the bill. The drawe^” is never liable in that character to the acceptor, any more than the payee of a promissory note is liable to the maker as such. The bill could not be made the foundation of an action in favor of Pearce against Glentworth, nor is it the basis of the present action. It is used in this action in connexion with other evidence, to show that Pearce has paid money for the use of the firm, and for that purpose only. It constitutes, therefore, no defence to the action.
 

 The. defendants required the judge to charge, first that if Wilkins dissented to the giving of the stipulation in the name of the partnership, to take care of the draft at maturity, the partnership was not bound by it; and it was of no consequence what was afterwards done with the draft; and secondly, that the acceptance was not in fact applied to the discharge of a debt of the firm, because the firm was not liable to the landlord for the rent.
 

 
 *472
 
 It is not material to inquire whether the landlord could have maintained an action at law, against the partnership for the rent. The' firm had the use and occupation of the store for the partnership business, and were liable to pay for it, either to Donaldson the landlord, or to Wilkins. In either case it was properly a partnership debt. If Wilkins had paid the whole, he would have rightfully charged it to the firm. The firm was answerable to him for the one-third which he paid before the draft was made. If Glentworth, instead of borrowing Pearce’s acceptance, had paid the money, it would have been chargeable to the firm. There is nothing in the case to show that each partner was to pay his proportion of the debt separately. There is no proof in the case that Glentworth was insolvent, or that he was indebted to the firm. Whoever paid this debt at the request, or with the assent of the members of the firm, became the creditor of the partnership for the money paid. The draft was made and accepted for the purpose of being applied to the payment of part of this debt, and Wilkins himself so applied it, with the assent of Rollins. There is no proof that the transaction operated to the prejudice of the firm, or of either of the partners. It did not increase the liability of the partnership by the creation of any additional debt. Wilkins knew when he received the accepted draft that it was borrowed on the credit of the firm, and he ought not to have applied it to the use of the firm, unless he intended that the partnership should be responsible for it. His application of the acceptance to the partnership use was inconsistent with his previous dissent, and ought to be regarded as a waiver of it, and a ratification of the stipulation in the partnership name to provide for the draft at maturity.
 

 Pearce’s letter to Glentworth was given in evidence for the purpose of showing that the draft was for Glentworth’s separate use; but the jury to whom that question of fact was submitted found it otherwise.
 

 There was no error in the charge to the jury, and the judg- ’ ment ought to be affirmed.
 

 Judgment affirmed.