## SUPREME COURT.

ALFRED WOTKYNS, president, &c., agt. TIMOTHY C. ABRA-
HAMS and wife.

Where a *judgment* on confession, founded upon promissory notes executed by
*husband* and *wife*, is entered against them, and, on an application of the
plaintiff, an order is entered without opposition, appointing a receiver to take
charge of and sell such of the property of the wife as may be bound by the
judgment, or so much as may be necessary to satisfy the judgment,

The whole proceedings are illegal and void. Because, the notes being void as
against the wife, it follows that the confession of judgment is also void; be-
sides, a judgment is never rendered against a married woman personally.

*Albany Special Term, Dec.,* 1855.

MOTION to set aside proceedings, &c.

On the 6th day of April, 1853, the defendant Abrahams and
his wife signed a statement in writing for the purpose of con-
fessing judgment thereon, whereby they acknowledged them-
selves to be indebted to the plaintiff in the sum of $1,175.47.
It was stated that the indebtedness arose upon four notes of
hand which had been given to the plaintiff for money had and
received from the bank of which the plaintiff was president.
The statement was verified by the oath of both defendants.
Upon this statement a judgment, as upon confession, was en-
tered the next day, and docketed in the county of Albany.

In October, 1855, upon an affidavit stating that the defend-
ant Mrs. Abrahams was a married woman, and was, at the time
the judgment was recovered, the owner of several lots and par-
cels of real estate in the county of Albany, upon which the
judgment was a lien, and that the defendant Timothy C. Abra-
hams had no property out of which the judgment could be col-
lected, the plaintiff moved, at a special term, for the appoint-
ment of a receiver to take charge of and sell such of the prop-
erty of Mrs. Abrahams as might be bound by the judgment, or
so much thereof as might be sufficient to satisfy the judgment.
Notice of this motion was served upon Mrs. Abrahams, person-

ally.   No one appearing to oppose the motion, it was granted, and an order was made appointing a receiver of all the property of Mrs. Abrahams, with directions to sell the same and apply the proceeds to the satisfaction of the judgment.

Upon affidavits showing these facts, a motion was made on behalf of the defendants to set aside the order, and allow the defendants to be heard in opposition to the motion for a receiver.

A. ALEXANDER, *for plaintiff.*
MARTIN I. TOWNSEND, *for defendants.*

HARRIS, Justice.   The proceedings in this case have been illegal from the beginning.   The notes upon which the judgment was confessed, as contracts for the payment of money, were void.   No action at law could be maintained upon them against Mrs. Abrahams. (*Phillips* agt. *Hagadon*, 12 *How.* 17 ; *Chapman* agt. *Lemon*, 11 *id.* 235 ; *Cobine* agt. *St. John*, 12 *id.* 333.)   In a proper case, the court, in the exercise of its equitable jurisdiction may charge the separate property of the wife with the payment of a debt, but a judgment is never rendered against a married woman, *personally.*

The notes being void, as against Mrs. Abrahams, it follows that the confession of judgment and the judgment itself are also void.   (*See Brittin* agt. *Wilder*, 6 *Hill*, 242—*and cases there cited.*)

The plaintiffs acquired no lien upon the separate property of the wife, and no receiver should have been appointed.   The order for that purpose must be vacated.

Neither party should have costs upon the motion.