By the Court. Slosson, J.
The presumption is that the acceptance in question was made upon funds of the drawer in the hands of Boies & Washburn, it being usual to draw upon funds in hand or their equivalent, and I find nothing in the evidence to disturb this presumption, but, on the contrary, much to support it. These defendants are, therefore, not only primarily liable according to the face of the contract, but are, in fact, the principal debtors as to all the parties. As a general rule, nothing will discharge an acceptor of a bill, but payment or a release.
The note of $6060 was not received in payment, but as collateral merely. The'finding of the jury settles this question.
The securities received in settlement of the suit on this note were also all received as collateral to the principal debt, and with the exception of the Collins note have realized nothing to the plaintiffs. Boies & Washburn have lost nothing by the use made of these collaterals by the plaintiffs. They were received from North, the drawer of the original bill, and who, as respects the other defendants, stands in the position of surety merely. Giving time to the surety does not discharge the principal.
Moreover, the plaintiffs had ultimately to take up these securities, having indorsed them when they used them in payment. It is true the $6060 note was given up to North on the receipt of these latter securities, but this of itself is not conclusive that they were received in payment of the debt. On the contrary, the evi dence of Stevens is explicit and not contradicted, that they were received as collateral merely. It was a substitution of one security for another for the same debt.
But the defendant contends that the note of $6060 was in the nature of a pledge in the hands of the plaintiffs, and that they had no right to give up the note to North except on its payment, and that having done so, without the knowledge or consent of Boies and Washburn, the note is, as respects the latter, to be treated as paid.
The general rule as to pledges, which are always collateral, is, that the creditor cannot sell the property without calling on the debtor to redeem or to pay the debt, and also giving him notice of the time and place of sale, unless in case of a special agreement to the contrary. If the pledge consist of commercial paper, the creditor must hold it until maturity, and collect and apply the *587 proceeds in payment of the debt. (Garush v. James, 12 J. R. 146; Wilson v. Little, 2 Com. 443; Dykers v. Allen, 7 Hill, 497 ; Stearns v. Marsh, 5 Denio, 227; Brown v. Ward, 3 Duer, 660.)
The objection to the theory of this being a pledge is, that the note in question is not that of a third party, but is made by the parties already liable for the original debt, and expressly as a means of extending the time of its payment.
If this note can be regarded as a pledge, so'may every note made by the same parties in renewal of another. We think there is nothing in this idea. Even if it were a pledge, the plaintiffs kept it until maturity, and were then obliged to sue it. They were certainly not bound to pursue the suit.
The Collins’ note having been paid, was allowed by the jury in the verdict. The sewing machine stock is still held by the plaintiffs, but they hold it in trust for the party, North or Boies, from whom they received it, as soon as their debt is paid. They have never made any disposition of it.
Judgment should be for the plaintiffs for the amount of the verdict, with costs.
Judgment accordingly.