## EMILY WILLIAMS *vs*. FRANCIS M DREXEL.

Acceptance of a bill of exchange admits the signature of the drawer, but is no proof or admission of the endorsement by the payee, whether the bill be payable to the drawer's *own order*, or that of another person.

Where a paper admitted or clearly proved to be genuine is already in a cause, and another paper pertinent to the issue, alleged to be in the same handwriting, is offered in evidence, the *jury* may *compare* the latter with the former.

The fact that the genuine and disputed signatures are both upon the same paper, cannot render a *comparison* by the jury less proper than where there are two separate papers.

APPEAL from the Court of Common Pleas.

*Assumpsit* brought by the appellee against the appellant, on the 15th of August 1857.    The declaration contains six common money counts, and the seventh is upon a bill of exchange for $402.53, drawn by Thomas W. Williams, payable to the order of Thomas W. Williams, by him endorsed, and afterwards accepted by the defendant.    Plea, that the defendant never was indebted to the plaintiff as alleged.

*Exception.*    The facts of the case and the instruction asked for by the defendant and refused by the court, (MARSHALL, J.,) are fully stated in the opinion of this court.    The verdict and judgment were in favor of the plaintiff and the defendant appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON, and BARTOL, J.

*T. P. Scott* for the appellant.

1st.  In a suit by the indorsee against the acceptor of a bill of exchange, the handwriting of the payee, must be proven, and although the drawee by acceptance admits the signature of the drawer of the bill, yet acceptance of the bill does not admit the handwriting of the payee in the endorsement, even when the bill is payable to the order of the drawer.    *Chitty on Bills,* 628, 629.  3 *Phillip's Ev.,* 18, (*Ed. of* 1829,)    6 *Esp.,* 43, *Bosanquet vs. Anderson.*    1 *Camp.,* 175, *Way-*

Williams *vs.* Drexel.

*nam vs. Bend.* 7 *Taunt.*, 455, *Robinson vs. Yarrow.* In this case there is no evidence that the payee and the drawer are one and the same person, which gives additional force to the objection here taken. The defendant did not promise to pay, ask for indulgence, or offer to renew the security, but on the contrary, when asked to pay the bill, refused to do so, and said it was to be paid by some one in Philadelphia. She merely admitted her acceptance, and by consequence her legal liability to the legal holder, when his title was established, which could only be done by proof of the endorsement, and of this there was no evidence offered.

2nd. But it is said the jury may compare the handwriting of the endorsement with that of the drawer, which is admitted by the acceptance to be genuine and that this is proof of the endorsement. But such a comparison between the signatures on this bill could not be made, because the bill itself was *not in evidence* until some proof of the endorsement was given other than the mere comparison of the signatures, and no such proof was offered. The jury therefore had nothing to compare.

*Charles Marshall* for the appellee.

Two questions are presented by the defendant's prayer, viz:

1st. Was there *any* evidence of the endorsements?

2nd. Was there any evidence to sustain any of the common counts?

It is not proposed to discuss the second point, but to submit it upon the evidence, from which it is submitted the jury might well have found a subsisting indebtedness of the defendant to the plaintiff, acknowledged and recognised by the defendant sufficiently to support the counts for money loaned, had and received, paid, laid out and expended, and found due on an account stated. *Chitty on Bills*, 581 *(9th Ed.) Bayley on Bills*, 358, *(6th Ed.)* 3 *Burr.*, 1516, *Grant vs. Vaughn.* 3 *Selden*, 281, *Black vs. Caffee.* 4 *Selden*, 346, *Purdy vs. Vermilya.* 4 *Richardson*, 338, *Haviland vs. Simons.*

As to the first question, it is material to observe that the seventh count contains several allegations: 1st, the identity of the drawer and payee; 2nd, the endorsement before acceptance; 3rd, the acceptance; and 4th, non-payment. Now the plea is one properly applicable to the common counts and not to the special counts. Act of 1856, ch. 112, sec. 39. That Act, one great object of which was to produce unity and certainty of issue, would seem to require a special traverse, to put in issue any of the allegations of the seventh count. See secs. 49, 52, 54, 62, 76, 77. If the plea be held to be applicable to the seventh count at all, it cannot be held to put all four of the allegations of that count in issue, as such a construction would entail upon our new system of pleading all the inconveniences and uncertainties as to the issue, which the general issue plea produced in the old. The plea must be held to deny the seventh count only on the allegation of indebtedness, and not to put in issue the fact of the identity of the drawer with the payee, which is not involved in the denial of indebtedness, and that fact not being traversed is to be taken as admitted. See sec. 77.

The plea then puts upon the plaintiff the burthen of proving the handwriting of the acceptor and endorser, it being admitted that the drawer and payee are identical. And it is conceded that the acceptance even after endorsement, the bill being admitted to be payable to the order of the drawer himself, only admits the handwriting of the drawer and not of the endorsement. The defendant's acceptance is fully proved. This acceptance admits the handwriting of the drawer as is conceded. There was then one piece of writing of Thos. W. Williams in evidence, the genuineness of which was admitted by the defendant. Now, in proving handwriting, it is admitted that, as a general rule, a *witness* without actual knowledge cannot testify merely from the result of a comparison of a writing shown to him as the writing of a party, with the writing to be proved. But it is contended that the jury always have the right to compare the handwriting of a paper *properly in evidence* before them, and proved or admitted to be genuine, with the handwriting of another paper offered in

evidence as the writing of the same party, and may find the writing to be that of the writer of the first, *from such comparison* without further evidence on the point. Independently of authority such should be the rule. For none could deny the right of a jury to discredit, or confirm the statement of a witness as to the handwriting of two papers by comparison of the two. And if such comparison did not constitute *legal evidence* then the jury would discredit a witness on *illegal* or *no evidence.* These observations will, of course, be understood as being applicable only to the comparison of two or more papers *properly in evidence* before the jury and not to extend so far as to maintain the proposition that papers may be offered, irrelevant to the issue for the sole purpose of proving or disproving a disputed handwriting by comparison. The authorities will be found fully to sustain the proposition first laid down. 1 *Greenlf. on Ev.*, sec. 578, 580, 581. 2 *Greenlf. on Ev.*, sec. 165. 1 *Cromp. & Jer.*, 47, *Griffith vs. Williams.* 1 *Moody & Rob.*, 133, *Solita vs. Yarrow.* 7 *Carr. & Payne,* 548, *Bromage vs. Rice. Ibid.*, 595, *Waddington vs. Cousins.* 4 *Carr. & Payne,* 204, *Jones vs. Turnour.*

There was then legal evidence in this case, apart from what might be fairly deduced from the testimony of the witness, viz: the evidence resulting from a comparison of the admitted handwriting of the drawer with the handwriting of the endorsement, from which the jury might infer the genuineness of the latter. As before suggested, had a witness deposed that the handwriting of the endorsement was that of Thomas W. Williams, and the jury on comparing it with the signature of the drawer, conceded to be the same person, had found the two wholly unlike, their right to discredit the witness upon the evidence afforded by such comparison could not be questioned, and to grant this proposition is to admit such a comparison to furnish *legitimate evidence.* But, in addition to these considerations, as to the fact assumed by the defendant's prayer, of the entire absence of evidence, there is another view which is entitled to much weight. The bill of exchange, endorsed in blank, was presented to the defendant, and payment demanded in behalf of Drexel. The bill was then in

72      v. 14

such a condition that mere possession was *prima facie* evidence of ownership. 1 *Gill,* 127, *Whiteford vs. Burckmyer & Adams,* and same case in 6 *Gill,* 16. The defendant then admitted that she had had a correspondence or interview with Mr. Drexel on the subject and expected to get some one in Philadelphia to pay the claim to Mr. Drexel. She recognised the bill of exchange when she saw it, and said it was her acceptance, and assigned as a reason for not paying or securing it then, that she was selling out to close business, but said she would endeavor to get some one in Philadelphia to pay it. Here was a clear admission of her knowledge that the bill had been delivered to Drexel and that he was the holder of it, accompanied by a promise to have it paid to him. It is respectfully submitted that such an admission and promise, and such knowledge on her part, that the bill had been delivered to him, dispensed with any further proof of the endorsement. 2 *Greenlf. on Ev., sec.* 165. In *Byles on Bills,* 335, it is said: "A promise to pay, or an offer to renew the bill or note, made to the endorsee after it is due, is an admission of the holder's title, and will make the proof of the endorsement unnecessary." See, also, 6 *Esp.,* 43, *Bosanquet vs. Anderson.* 1 *Starkie,* 326, *Sidford vs. Chambers.* 2 *Camp.,* 474, *Jones vs. Morgan.* It is respectfully submitted that this last point fully sustains the ruling of the court, independently of the question whether the identity of the payee and endorser is to be assumed as admitted by the pleadings or proved by the evidence.

Eccleston, J., delivered the opinion of this court.

In this action of *assumpsit,* instituted by the appellee against the appellant, the declaration contains six common money counts, and a seventh upon a bill of exchange, the latter alleging that Thomas W. Williams, by his bill of exchange, then over due, dated the 4th day of April, 1857, and directed to the defendant, required the defendant to pay to the order of him, the said Thomas W. Williams, $402.53, five days after sight, and endorsed the said bill of exchange to the plaintiff, and that the said defendant on sight of said bill of exchange

Williams *vs.* Drexel.

accepted the same on the 7th day of April 1857, but did not pay the same.

The defendant appeared and plead "that she never was indebted to the plaintiff as alleged."

A verdict being given in favor of the plaintiff and judgment rendered thereon, the defendant appealed.

The following agreement, signed by counsel for the respective parties has been filed in this court.

"It is admitted for the purpose of amending the record in this case, that the bill of exchange mentioned in the record, was endorsed in blank, at the time the witness testified concerning it, and was so endorsed at the time the witness presented it to the defendant, as testified to by him; and that the words, 'Pay to Francis Drexel or order,' were written over the endorsement in blank, after the witness had testified, and just before the verdict.

"It is also agreed that the appellee may exhibit to the court, the original bill of exchange, with the endorsements thereon, hereto annexed, and that the court may make such alterations in the record from an inspection of the said original paper, as to the court may seem proper, but the appellant does not admit that there is any error in the record."

From an inspection of the original bill the court think, that, in virtue of the above agreement, it is proper so to amend the record as that the name of the drawer, of the payee, and that of the indorser, (Williams,) shall all be written in the same manner, appearing to be the name of the same person, and all apparently in the same handwriting. At the trial the plaintiff offered in evidence to the jury the bill of exchange, with the acceptance and endorsement, and also the protest.

As a witness, Mr. Marshall, testified that the bill of exchange in question was sent to him to collect, as attorney for Mr. Drexel; that witness called upon the defendant at her store, and informed her that he had a claim against her for Mr. Drexel, of Philadelphia, and handed her the bill of exchange; that she examined it, and told witness she had either had an interview or some correspondence with Mr. Drexel on the sub-

ject before she was called upon by witness; that she expected to get some one in Philadelphia to pay the claim to Mr. Drexel, and would write to Philadelphia on the subject. Witness promised to give the defendant further time to write to Philadelphia before bringing suit, and she said she would let witness know the result. She never said anything afterwards to him, and he brought the suit. At the time of the above conversation, the defendant had the bill of exchange and examined it, and told witness that it was her acceptance. She recognized it when it was presented to her. Witness asked her if she could pay or secure it *then*, and she said no, as she was then selling out to close business, but that she would endeavor to get it paid by some one in Philadelphia. The bill of exchange was sent to witness after it had been protested.

The defendant then asked the court to instruct the jury, "to find a verdict for the defendant, because there was no evidence of the endorsement of the bill by the payee," which instruction was refused by the court, and the defendant excepted.

The defendant's counsel concedes that the acceptance, when proved, is proof sufficient as to the drawer's signature to a bill of exchange; but he insists that the acceptance is no proof or admission of the endorsement of the payee, whether the bill is drawn payable to the drawer's own order or to that of another person. And applying this doctrine to the evidence in the present case, the counsel for the defendant contends that his prayer should have been granted.

The plaintiff's theory is, that although the acceptance, *per se*, is not an admission or proof of the endorsement, yet, inasmuch as it admits the signature of the drawer, the bill is then before the jury with a signature admitted to be genuine, and if—as is here insisted upon—the name of the endorser, as payee, appears to be the same as that of the drawer, the jury have the right to compare the one with the other.

We think that, where a paper, which is admitted or clearly proved to be genuine, is already in a cause, and another paper, pertinent to the issue, alleged to be in the same handwriting, is offered in evidence, the jury may compare the lat-

Williams *vs.* Drexel.

ter with the former. 1 *Greenl. on Ev., sec.* 578, (5*th Ed.,*) and the cases cited in *note* 3.

A genuine and a disputed signature being upon the same paper, cannot render a comparison, by the jury, less proper than where there are two separate papers.

The defendant's counsel contends that such a comparison cannot be made between the signatures on this bill of exchange, because the bill was not in evidence until some proof of the endorsement was given, other than a mere comparison of the signatures, and there being no such other proof, the jury had no right to make the comparison. In this view of the subject, the counsel thinks his prayer was improperly refused.

The refusal, however, was proper, if there was any evidence legally tending to prove the endorsement of the bill by the payee.

The bill of exceptions states that the plaintiff "offered in evidence to the jury the following papers writing, purporting to be a bill of exchange, acceptance and protest," which are then set forth, no objection to their admissibility appearing to have been made.

The record, as amended, shows the bill of exchange to have the name of the drawer, the name of the payee, and that of the payee as endorser, all written in the same manner, appearing to be the name of the same person, and all apparently in the same handwriting. The acceptance is fully proved, which admits the signature of the drawer. It is also shown that whilst the endorsement of the bill was in blank, the defendant acknowledged the acceptance to be hers.' When, in addition to these circumstances, we have before us the whole conversation between the defendant and Mr. Marshall, as detailed by him, we are not prepared to say, *there was no evidence* to prove the endorsement of the bill by the payee. And, consequently, the judgment will be affirmed.

*Judgment affirmed.*

(Decided January 24th, 1860.)