## Marcius H. Washburn *vs.* Barzillai F. Pond & another.

A delivery to the holder of an overdue promissory note, by one of several joint promisors thereon, of his several note, with surety, for the full amount due thereon, and an acceptance thereof, and a surrender of the original note to him by the holder, will operate as a payment thereof, so that he may maintain an action against his co-promisors on a bond executed by them to save him harmless from the same, although these acts were done in the State of New York.

A sale of a naked pledge can only be made at public auction, with notice to the pledger of the time and place thereof.

If the makers of a promissory note deliver to the payee thereof a bond, as collateral security, with authority to pledge it to a third person, as collateral security for other notes held by him, on which the payee is liable as indorser, and the same is so pledged accordingly, the payee has no authority to bind the makers by assenting to a sale thereof without notice to them; and, if he does so assent, and the bond is sold for less than its reasonable and fair value, so that only a small amount is left, after paying the notes held by such third person, to apply on the note held by the payee, the makers will only be liable to him, or to an indorsee who took it after its maturity, for such amount as would remain due, upon accounting for the residue of the full reasonable and fair value of the bond, after the payment to the last pledgee. And the fact that, after the sale, a notice thereof was given by the payee to the makers, with information that they might redeem the bond within thirty days at the same price and expenses, is immaterial.

Dewey, J. The plaintiff seeks to recover of the defendants damages for breach of their bond to him, that they will pay and discharge all the copartnership debts and liabilities of the late firm of Washburn, Pond & Co., of which the plaintiff and the defendants were members, and that they will indemnify and save harmless the said Washburn from all liabilities and expenses for or on account of said debts and liabilities.

The breach of the bond for which damages are now claimed was the neglect to pay two promissory notes, one dated August 14, 1854, made by Washburn, Pond & Co., for six hundred dollars, and the other dated September 10, 1854, for one thousand dollars, both payable to the order of Washburn, Pond & Co., and by them indorsed, and transferred for a valuable consideration to Dakin & Clapp, who, after they became due, indorsed them to Emett Wooden. The plaintiff alleges that the same remained unpaid by the defendants, and that he was obliged to pay, and has paid, the same. The defendants deny

that any such payments have been made by the plaintiff in discharge of the note, and this is the first subject of inquiry.   They also, if their first position is not sustained, claim a reduction in the amount of the notes, by reason of payments which they say should be applied thereon, by reason of collateral securities received by the payees, and appropriated by them.

The objection taken to the plaintiff's right of recovery, upon the ground that these notes are outstanding, and the balance due thereon has not been paid by the plaintiff, cannot be maintained.   The facts reported show that the plaintiff, upon the trial, produced the notes and filed them in the case.   It also appeared that the plaintiff had given to the holder of the same a promissory note, signed by himself and a surety, for the full amount due thereon.   It is true that this last named note had not been paid when the present action was instituted; but enough had been done to operate as a full discharge of the original notes, so far as respects the liability of the defendants to third persons thereon.   That the new note of the plaintiff with a surety was to operate as a payment of the old notes, is not left to be settled by any nice distinction between the law of New York, where the new note was given, and that of Massachusetts, as to the presumption of payment arising under such circumstances; because, in the present case, the old notes were surrendered by the holder, upon taking a new note given by the plaintiff with a third person as surety.

We give no effect to the judgment which was shown to have been obtained in New York, in a suit upon these notes by Wooden against all the promisors, prior to the giving of the new note, as establishing any rights between the plaintiff and the defendants.   That judgment is obnoxious to the apparent objection, which appears upon the facts proved, that it was rendered upon the voluntary appearance and consent of the present plaintiff, without any notice to his co-promisors, the present defendants.   It should, therefore, as to these parties, have no effect to conclude them, as to the amount due on the notes.

In the view which the court take of the present case, it is to be assumed that the plaintiff has paid and discharged the two

notes referred to in the declaration, so far as any indebtedness existed thereon, in favor of the holder against the makers, at the time of giving the sole note of the plaintiff with a surety, and the delivery of the same to the plaintiff.

The next inquiry is, what amount was justly due on those notes to the holder thereof, when thus given up in the manner above stated. It is only to that extent that the plaintiff can recover in the present action. Emett Wooden, having become the holder thereof after they were overdue, of course held the same subject to any equitable defence existing between the original parties, Dakin & Clapp, and the makers. The notes, though in form payable by the makers to their own order, became operative only by their indorsement to Dakin & Clapp, who thus became the original payees, and continued to be the holders until after they were due. *Clapp* v. *Rice*, 13 Gray, 403. Whatever defence existed as to the amount due upon them, arising out of the dealing of those parties while thus holding them, is equally open to the defendants.

Upon that subject, it is found as a part of the facts in this case that Dakin & Clapp, while holding these and certain other notes of Washburn, Pond & Co., which they had passed to the Bank of Pawlins, received from the defendants a bond of the La Crosse and Milwaukee Railroad Company, for $5000, as collateral security for the whole indebtedness of Washburn, Pond & Co. to them, with authority to pledge the same as security to the Bank of Pawlins, which held certain other notes of Washburn, Pond & Co., indorsed by Dakin & Clapp. Subsequently to the maturity of the notes held by the Bank of Pawlins, the same not being paid, this bond was sold, by order of the Bank of Pawlins, at public auction, in the city of New York, by a stock broker there, notice having previously been given of the time and place of the intended sale in the newspapers, and with the knowledge and assent of Dakin & Clapp, but without any notice thereof to the defendants, or any knowledge on their part that the sale was to take place. The result of this sale was the receipt of the gross sum of $2500 for the bond of $5000; which, it was found by the assessor to whom the case

was referred, was $1000 less than its reasonable and fair value. The sum thus received was applied, so far as was required, to discharge the notes of Washburn, Pond & Co., indorsed by Dakin & Clapp, and held by the Bank of Pawlins, and the residue, being the sum of $272.05, was paid to Dakin & Clapp.

It was insisted, on behalf of the defendants, that if any right of sale attached to a naked pledge of the bond, as this was, it could only be a sale made at public auction, with full notice to the defendants of the time and place thereof. To this point were cited 2 Story on Eq. § 1008 ; 2 Kent Com. 582 ; *Stearns* v. *Marsh,* 4 Denio, 227 ; *Wheeler* v. *Newbould,* 2 E. P. Smith, (N. Y.) 302. This position is undoubtedly correct; and it then remains to inquire whether the proper notice was given.

It was urged, on behalf of the plaintiff, that notice to Dakin & Clapp was sufficient, as they were the agents of the defendants, authorized to pledge this bond to the Bank of Pawlins. To this it is replied that, however this may be as respects the Bank of Pawlins, and its authority to sell upon notice to Dakin & Clapp, yet the relation of the latter to the defendants did not justify them in assenting to or knowingly permitting such sale, without giving the defendants notice of the time and place thereof. In this view the court concur. It is not a question as to the rights existing between the Bank of Pawlins and Dakin & Clapp. The latter may be bound by this sale, but still may be chargeable to the defendants for the value of the bond thus sold. The case turns wholly upon the particular relation of these parties to each other, as to this bond. Dakin & Clapp were not the agents of the defendants in this matter, in the usual acceptation of the terms principal and agent. They received this bond as collateral security for the indebtedness of Washburn, Pond & Co. to them. They received it as principals, as pledgees bound to give all the notice to the pledgers that the law requires in ordinary cases of a pledge of collateral security. They used the bond for a further purpose, as they had authority from the defendants to do, namely, to secure other notes of Washburn, Pond & Co., which they had procured to

be discounted at the Bank of Pawlins, with their indorsement thereon.

The transfer of this bond by the defendants, made under the circumstances stated, created a relation between Dakin & Clapp and the defendants beyond that existing between the former and the Bank of Pawlins. Dakin & Clapp, having received the bond as collateral security for the indebtedness of the pledgers to them, assumed the further duty, resulting from that relation, of notifying them of the time and place of sale, before disposing of the same; or, in case of neglect so to do, to account to them for the value of the same. The case finds that the sale was made with the knowledge and assent of Dakin & Clapp, and that the defendants had no notice of the time and place thereof.

The notice to the defendants after the sale, given by Clapp, does not affect the rights of these parties. The pledger might not be able to raise funds to redeem the bond, while he might have been able to advance his interests in obtaining higher prices by procuring the attendance of bidders, and securing greater competition among purchasers; and the opportunity should have been afforded to him of knowing that the sale was conducted in a proper manner.

Upon the facts reported, the court are of opinion that Dakin & Clapp are properly chargeable with the reasonable and fair value of the bond thus placed in their hands as collateral security by the defendants, which has been found by the assessor to have been seventy cents on the dollar, being $3500.

After deducting from that amount the sum applied by the Bank of Pawlins to the notes held by it, the residue is to be taken as so much in the hands of Dakin & Clapp to be applied as payment in part of these two notes then held by them. The balance found due upon these notes, after making this deduction, will be the sum to be recovered in the present action as damages.

D. Foster, for the plaintiff. 1. The giving of a promissory note, with a surety, was a payment of the original notes, both by the law of New York and of Massachusetts. Sedgwick on

Damages, (3d ed.) 314 *& seq. Witherby* v. *Mann,* 11 Johns. 518. *Rodman* v. *Hedden,* 10 Wend. 498. *Lee* v. *Clark,* 1 Hill, (N. Y.) 56. *Cornwall* v. *Gould,* 4 Pick. 444. *Doolittle* v. *Dwight,* 2 Met. 561. 2. The plaintiff was under no obligation to contest the suit brought upon the notes. He has established, in this case, that they were due, and this is sufficient. *Whitney* v. *Dinsmore,* 6 Cush. 124. *Stone* v. *Hooker,* 9 Cow. 154. Sedgwick on Damages, (3d ed.) 326. 3. The time, place and manner of the sale of the bond were all reasonable, and conformable to the laws and usages of New York. *Wheeler* v. *Newbould,* 2 E. P. Smith, (N. Y.) 302. *Dykers* v. *Allen,* 7 Hill, (N. Y.) 498. *Willoughby* v. *Comstock,* 3 Hill, (N. Y.) 389. *Stearns* v *Marsh,* 4 Denio, 227. *Brown* v. *Ward,* 3 Duer, 660. *Parker* v. *Brancker,* 22 Pick. 40. 4. The only possible defect is, the omission by the Bank of Pawlins to give notice to Washburn, Pond & Co. of the time and place of the intended sale. To this objection there are several answers : (1.) Notice was given to Dakin & Clapp, their authorized agents; (2.) They had a subsequent opportunity to redeem, and made no objection to, but acquiesced in, the sale, at a time when the bond could have been recovered, and the rights of all parties saved; notice, if required at all, is only for some reasonable and beneficial purpose, and not as a technical condition to the validity of the sale ; (3.) The sale was the act of the Bank of Pawlins, and, for any error in it, Washburn, Pond & Co. had, and still have, a perfect remedy against the bank. And there is no evidence that Dakin & Clapp assented to the irregularity in the sale, namely, the omission to give the notice.

*P. C. Bacon & H. Chapin,* for the defendants, in addition to some of the cases cited by the plaintiff, cited, on the first point, *Tobey* v. *Barber,* 5 Johns. 68 ; *Johnson* v. *Weed,* 9 Johns. 310.