## LEE BANK *a*. SATTERLEE.

*New York Superior Court ; General Term, June,* 1863.

### APPEAL.—PRESUMPTION IN SUPPORT OF JUDGMENT.—MARRIED WOMAN'S POWER TO INDORSE.

On appeal, the respondents are entitled to the benefit of any presumption which will uphold their judgment, in the absence of evidence, properly in the case, upon the point in question.

On appeal from a judgment in which the validity of a married woman's contract is involved, if it does not appear from the evidence, properly in the case, that she was the wife of the person with whom the contract was made, the appellate court will, in support of the judgment, presume that she was not his wife.

Where one draws a bill of exchange payable to his wife, her indorsement of the bill gives the indorsee a title which enables him to recover upon it against the acceptor. The validity of the indorsement does not depend upon a question of contract or obligation as between the husband and wife; but by his directing the bills to be paid to her order, she is made his agent to receive the money, and with the necessary authority to indorse and transfer the bill.

Appeal from a judgment.

The action was brought by the President, Directors, and Company of the Lee Bank, plaintiffs, against George B. Satterlee, defendant, upon three bills of exchange drawn by one Pierre C. Kane, at Lenox, in Massachusetts, upon the defendant George B. Satterlee, and accepted by him. These bills were drawn payable to the order of Mrs. Edith Kane, by her husband, and were accepted by Mr. Satterlee after being thus drawn. The bills were subsequently indorsed by Mr. Kane, and negotiated, and were afterwards discounted by the plaintiffs.

The allegations of the complaint were as follows:

I. That the plaintiffs are, and were at the times hereinafter mentioned, a corporation created by and under the laws of the State of Massachusetts, organized pursuant to an act of the Legislature of said State, entitled " An Act to establish the Lee Bank," approved March 27th, 1835, and the acts supplementary thereto, and renewal thereof, located and established at Lee, in said State of Massachusetts, and capable of suing and being sued in any court of record.

II. That on the 24th day of October, 1857, one Pierre C. Kane made his certain bill of exchange in writing, dated on that day, of which the following is in words and figures a copy, to wit: [*copy of bill payable* " to the order of Mrs. Edith Kane"].

III. That thereupon and subsequent to the making of said bill of exchange as aforesaid, the said Pierre C. Kane delivered it, for valuable consideration, to the said Mrs. Edith Kane; and that subsequent thereto, and before its maturity, the same was duly presented to the defendant George B. Satterlee, the person therein named, for acceptance, and the same was accepted by him in due form of law, by his writing across the face thereof, the words, " accepted. Geo. B. Satterlee."

IV. That subsequent thereto, and before the maturity of said bill of exchange, the same was duly indorsed by the said Mrs. Edith Kane to the plaintiffs herein, for valuable consideration, and that at the maturity thereof it was duly presented to the defendant for payment, and payment thereof demanded, but refused, and the same has not since been paid, nor any part

thereof, but the same is now wholly due and unpaid, although long past due.

Then followed similar allegations as to two other bills as second and third causes of action ; and the complaint concluded by alleging that " the plaintiffs are now the lawful owners and holders of each and every one of said bills of exchange above-mentioned, and that the defendant is now justly indebted to the plaintiffs thereon in the sum of," &c.

The answer traversed the incorporation of the plaintiffs, the delivery of the bills for value and the indorsement for value, and the plaintiffs' ownership and interest, and the non-payment of the bills, and averred that they were paid at maturity by a mortgage given by Mrs. Kane to the plaintiffs. It further averred that they were accepted by the defendant for the accommodation of Pierre C. Kane, or Edith Kane, and without consideration, of which the plaintiffs had notice. It further alleged, that when or after the bills became due, the plaintiffs and Pierre C. Kane made an agreement whereby the time for payment of said bills was extended to him without the consent of the defendant, and to his damage ; and the defendant prayed that the plaintiffs be compelled to collect their claim against Pierre C. Kane and Edith Kane, on the bills, by the foreclosure of the mortgage, and that the bills as to defendant be cancelled, and his name be erased therefrom.

The new matter stated in the answer was denied by the plaintiffs' reply.

By a stipulation between the attorneys of the respective parties, the incorporation of the plaintiffs, the signature of Mrs. Kane, the indorser, and the fact that she was a married woman, were admitted.

The cause was tried on the 19th day of May, 1862, at special term, before Mr. Justice Barbour, without a jury. The signature of the bills which were offered in evidence by the plaintiff, was admitted by the defendant. The plaintiffs' counsel thereupon offered in evidence a mortgage dated 10th of November, 1857, purporting to have been made by Pierre C. Kane and Edith his wife to the plaintiffs. The admission of said mortgage in evidence was objected to by the counsel for the defendant, and the court sustained the objection ; to which plaintiffs' counsel duly excepted. Thereupon, with proof of the compu-

tation of interest, the plaintiffs rested their case. The counsel for the defendant, thereupon moved to dismiss the complaint, on the ground that the facts therein set forth did not constitute a cause of action against the defendant—that a married woman, by common law, has no right to indorse or transfer a bill of exchange, and that such indorsement gives no valid title thereto. The judge denied the motion; to which the defendant duly excepted. The counsel of the defendant, to sustain the issues in his behalf, offered in evidence a deed of trust, dated Sept. 26th, 1853, between Edith Kane Brevoort of the first part, Pierre C. Kane of the second part, and trustees of the third part, which was objected to by the plaintiffs' counsel, but the objection was overruled; to which plaintiffs' counsel duly excepted.

This trust deed being put in evidence, the defendant's counsel rested; whereupon the counsel for the plaintiffs renewed his offer to put in evidence the mortgage.

The judge received the same for consideration, but not then received it in evidence, subject to objection on the part of counsel for the defendant, who duly excepted thereto.

The case was afterwards submitted on written points; and after advisement, the judge gave judgment in favor of plaintiffs for the amount claimed, and interest with costs, and rendered the following opinion.

BARBOUR, J.—This action is brought by the indorser and holder, upon three bills of exchange, drawn in Massachusetts by Pierre C. Kane, upon the defendant, payable to the order of Edith Kane, the wife of the drawer, three, four, and six months after date, respectively, and indorsed by her, and duly accepted by the drawee before maturity.

The counsel for the defendant insists, that the drawing of a bill of exchange, and its delivery to the payee, constitute a contract between the drawer and drawee, whereby the former becomes bound to pay to the latter, or to his indorsees, the amount of such bill in case the same shall not be accepted, or paid upon due presentment; that a husband is incapable of thus contracting with his wife; that the wife, in this case, took no title by such delivery; and that the bills in question were and are, for these reasons, void, and inoperative as against the acceptor.

In the absence of all evidence of *malu fides possessio* in the

holder, proof of possession of the bills by the plaintiffs is, *prima facie*, sufficient to establish their ownership of them. (Conroy *a.* Warren, 3 *Johns. Cas.*, 259 ; Peacock *a.* Rhodes, *Doug.*, 363 ; Mottram *a.* Mills, 1 *Sandf.*, 37.) The plaintiff is therefore entitled to recover, if the bills are valid obligations as against the acceptor.

It is true that by the common law, which, in that regard, must control in this case, a husband and his wife are, in general, incapable of contracting with each other so as to create a right of action in favor of the one as against the other. But a bill of exchange is not merely a contract between the drawer and the payee. It is, when accepted, a new contract between the acceptor and the then holder, who in this case was the indorsee of the wife ; nor is such a bill always a contract as between the drawer and the person to whom or to whose order it is payable. It may be made payable to the order of the drawer himself, or to some one receiving the same for collection for the benefit and the use of the drawer; or, what is a very common occurrence in commercial communities, it may be payable to the order of some person who indorses it simply for the accommodation of the maker. In none of those cases is there any contract which can be enforced by the payee named in the bill against the maker. In each instance, it is a mere direction to pay, and has no validity whatever as an obligation, until indorsed to a *bona-fide* purchaser or acceptor.

In this case the defendant held in his hands moneys belonging to the drawer to the amount mentioned in the bills. (Griffith *a.* Reed, 21 *Wend.*, 502.) He was directed by the drawer to pay those moneys over to his wife, or to such person as she should, by her order, appoint to receive the same ; and by the same instruments, such drawer, in effect, constituted the wife his agent to receive the moneys, or by her order to appoint their payment to such other person as should become the holder of the bills, as he might well do. (*Co. Litt.*, 52, a.) Under authority thus conferred upon her, the wife indorsed the bills ; the defendant duly accepted them ; and the plaintiff is their *bona-fide* holder.

The obligation of the defendant to pay, rests not upon any supposable interest or want of interest in the wife as the payee named in the bills of exchange, but on his promise, implied in

the acceptance, to pay the amount out of the funds of the drawer, and which are now in his possession.

There must be a judgment for the plaintiffs for the amount claimed in the complaint, with costs.

The defendant's counsel excepted to the findings of law, and appealed to the general term of the court, from the judgment entered in favor of the plaintiffs.

*Richard O'Gorman*, for the appellant, urged that there was no evidence in the case that the married woman, Mrs. Kane, was the wife of the drawer, Mr. Kane, and no facts from which any presumption of the existence of an agency on her part, or consent upon his part could be founded; that the bills having been drawn and negotiated in Massachusetts, and no evidence being before the court as to the statute law of that State, the questions arising in this case must be examined by the light of the common law; and that under the common law a married woman could not take and convey title to property in a chose in action. (Barlow *a.* Bishop, 1 *East*, 432; 3 *Esp.*, 266.) That the cases which go to show that a married woman may indorse with consent of her husband, have no application to this case, for in all those cases there was direct evidence of such consent, as the court had valid grounds to presume that such consent existed, but there was here no evidence, direct or indirect, of the kind; and where a married woman, without her husband's authority or consent proved, indorses a note or bill, her act is a nullity, and her indorsement transfers no property in the bill or note. (Savage *a.* King, 17 *Maine*, 301.) There is another class of cases which support the proposition that the acceptor is estopped by his acceptance from pleading or offering evidence of the fact that the indorser was a married woman. In the present case, that fact being admitted by the plaintiffs, no objection being made to its introduction as evidence, no estoppel being urged, it was in the case, and it was now too late to say that defendant was estopped from alleging it. Moreover, the proposition is not correct that the acceptor of a bill of exchange does by his acceptance admit the capacity of the payee to indorse. The acceptor admits the signature of the drawer—no more. (Williams *a.* Drexel, 14 *Md.*, 566.)

*F. C. Bliss,* for the respondents.—I. The mortgage and also the trust deed prove that Mrs. Edith Kane, who indorsed these bills, had a separate property; and, if so, she would be personally liable in equity upon these bills indorsed by her. (*Bayles on Bills,* 4 Am. ed., 134, and cases there cited; Bulpin *a.* Clark, 17 *Ves.,* 366.) No personal claim, however, is made against Mrs. Kane, the action being against Mr. Satterlee, the acceptor alone, who stands in the same position as the maker of a promissory note. The acceptor of a bill of exchange is the principal debtor, while the drawer and indorsers are merely sureties. (Pearce *a.* Wilkins, 2 *N. Y.,* 469; Hall *a.* Newcomb, 3 *Hill,* 233; Atlantic Fire Ins. Co. *a.* Boies, 6 *Duer,* 583; Seabury *a.* Hungerford, 2 *Hill,* 80; Lee Bank *a.* Kitching, 11 *Abbotts' Pr.,* 435; *Am. Law Reg.,* 627, August, 1862.)

II. A wife may act as agent for her husband, and with his knowledge and consent may indorse bills or drafts, even in her own name for him, if he authorizes her so to do. (*Chitty on Cont.,* 3 ed., 161, *note*; Prince *a.* Brunette, 1 *Bing. N. C.,* 435; Priestwick *a.* Marshall, 5 *M. & P.,* 513; Coates *a.* Davis, 1 *Camb.,* 485; Miller *a.* Delamater, 12 *Wend.,* 433; Church *a.* Landers, 10 *Ib.,* 79; Gates *a.* Brower, 9 *N. Y.,* 205; 2 *Bright on Husb. & Wife,* 42. See, also, Case of Briggs, 1 *Taunt.,* 367.)

III. It is no defence to Mr. Satterlee, the defendant, that the payee or indorser of these bills was a married woman, for he is estopped, by his own act, of contesting her right or authority to indorse the same. Having accepted the bills as drawn by Mr. Kane, thereby agreeing to pay the sums therein specified to the order of Mrs. Edith Kane, he is estopped from saying that they were indorsed by a married woman, for by his acceptance he admits her right and authority to indorse them as the agent of her husband, or otherwise. (Smith *a.* Marsack, 6 *Com. Bench R.,* 486; Prince *a.* Brunette, 1 *Bing. N. C.,* 435; Priestwick *a.* Marshall, 7 *Bing. S. C.,* 565; Coates *a.* Davis, 1 *Camb.,* 485; Limestone *a.* Merrick, 5 *Mon.,* 25; Bank of Commonwealth *a.* Curry, 2 *Dana,* 142; *Byles on Bills,* 4 Am. ed., 250–256.) There are some cases and authorities analogous to the present case. (See Wotkins *a.* Abrahams, 14 *How. Pr.,* 191; Dorrance *a.* Scott, 3 *Whart.,* 309; 15 *Mass.,* 272; Borst *a.* Spellman, 4 *N. Y.,* 284; Philliskirk *a.* Pluckwell, 2 *Maule & S.,* 393.)

IV. The deed of trust, introduced in evidence, does not aid the defence herein, and is wholly irrelevant for the purposes of the defence.

BY THE COURT.*—MONELL, J.—The only question to be examined in this case is, whether the plaintiffs, through the indorsement of the payee of the bills, a married woman, acquired a title to them, which they can assert against the acceptor.

It nowhere appears who was the husband of Mrs. Edith Kane. The justice has not found the fact; nor is there any evidence which shows that she was the wife of Pierre O. Kane, the drawer of the bills. The plaintiffs are entitled to the benefit of any presumption which will uphold their judgment; and in the absence of all proof, we must presume she was not the wife of the drawer. The mortgage from Kane and wife to the plaintiffs, which is printed in the case, was not admitted or read in evidence, and we cannot therefore look into it for evidence on the subject.

Whether the payee of the bills was the wife of the drawer, or otherwise, is perhaps not material.

By the common law, a married woman was incapable of making any legal contract binding upon herself. Husband and wife were one person, and the legal existence of the wife was merged in that of her husband. Hence a married woman could not make, indorse, or accept notes or bills, as acting for herself; nor would the indorsee of a note, or bill acquire any title through the indorsement of a married woman indorsing in her own name. (Barlow *a.* Bishop, 1 *East*, 432; Cotes *a.* Davis, 1 *Camp.*, 485; Savage *a.* King, 17 *Maine*, 301; 1 *Pars. on Notes & Bills*, 78.)

In Barlow *a.* Bishop, the defendant gave his note to a married woman, who was conducting business on her own account, and who transferred it by indorsement in her own name in payment of a debt contracted by herself; and it was held that the property in the note vested in her husband by the delivery to the wife, and that no interest passed by her indorsement in her own name to the holder.

If, therefore, Edith Kane was the wife of a person other than

---

* Present, BARBOUR and MONELL, JJ.

the drawer of the bills, the property in the notes, by the common law, upon delivery to her became vested in her husband, which title could not be devested by her indorsement and transfer to the plaintiffs.

But the acts of 1848–9, for the protection of the property of married women, declare that she may take by grant or gift from any person other than her husband, and hold to her own sole and separate use, and convey any real or personal property, and any interest or estate therein, in the same manner and with like effect as if she were unmarried. (*Laws of* 1848, 307, ch. 200; *Laws of* 1849, 528, ch. 375.)

This statute removes the common-law disability from a married woman, and she can now receive real and personal property from any person other than her husband, and may convey and transfer the same with like effect as if she were single. (Dillaye *a.* Parks, 31 *Barb.*, 132.)

The delivery of the bills to Mrs. Kane vested the title in her, if they proceeded from a person other than her husband, and her indorsement and transfer gave to the plaintiffs the legal title as effectually, under the statutes referred to, as if she had been unmarried.

But suppose she was the wife of the drawer of the bills, how would the case then stand?

The question of contract or of obligation as between husband and wife is not involved; nor as between indorser and holder. The husband would not be liable to the wife, nor the wife to the holder.

By directing the bills to be paid to the order of his wife, the drawer appointed her his agent to receive the money, and conferred upon her the necessary authority to indorse and transfer. The authority is express, and sufficient to bind the husband by her act. (2 *Pars. on Bills & Notes*, 3; 2 *Kent Com.*, 179.)

In so far as third parties are concerned, the authority to the wife to transfer the bills is as conclusive and binding upon the husband as if he had made them payable to an infant, or to a fictitious person; in either of which cases the indorsements would be valid.

Did the indorsement of Mrs. Kane protect the acceptor, and could the payment by him be questioned? Clearly the husband was estopped, and no other party to the bill could object.

To test it, suppose the defendant had paid the bills at maturity to the holders, upon the indorsement of Mrs. Kane, could the husband deny the authority he had given his wife, recall his written consent, and recover the amount of the bills from the acceptor? There is neither principle nor authority to sustain such a position. In short, without pursuing the argument further, the husband is as thoroughly bound by the indorsement and transfer of the bills as if he had negotiated them himself directly to the Lee Bank. All the cases which hold a wife's indorsement to be void are such as contained no consent or recognition on the part of her husband. Here the consent is complete.

The judgment should be affirmed.

Judgment accordingly.