MARY CAREY *v.* THOMAS W. CAREY.

Where an appeal is based on the ground of an improper rejection of competent testimony, the case must show clearly that there was an exception taken to such rejection, or that the appellant was injured thereby.

*It seems,* that since the act of 1867 (L. 1867, ch. 887), husband and wife are (in a suit for limited divorce) as competent to give evidence in their own behalf as any other witnesses. Per ROBINSON, J.

APPEAL by defendant from a judgment entered on the verdict of a jury.

This was an action for a limited divorce tried at special term in January, 1871, before a judge and jury.

On the trial the plaintiff was offered as a witness in her own behalf, and testified as to acts of cruelty on the part of defendant. At the close of the plaintiff's case, the defendant was offered as a witness in his own behalf, and what took place is stated by the case on appeal as follows :

" *Plaintiff's counsel.*—I object to the defendant testifying in his own behalf. I confined all my questions to what occurred when the husband and wife were alone together.

" *Court.*—I shall confine the defendant's testimony strictly to those facts testified to by the wife, where he and she were alone together.

" Objection allowed, and exception taken."

*John Townshend,* for appellant.

*Chas. E. Whitehead,* for respondent.

By the Court.*—Daly, Ch. J.—It does not appear from the case as settled, that the defendant took any exception to the ruling that his testimony would be confined to what occurred between himself and his wife when alone together. The only objection made was by the plaintiff when the defendant was offered as a witness upon his own behalf, and all that appears in the case is, " objection allowed, and exception taken." What objection was allowed? Not that the defendant was permitted to testify in his own behalf, for the objection was not allowed, as he was permitted to testify in his own behalf. Was an objection made by the defendant to the limitation of the defendant's testimony by the ruling of the judge? If it were, it does not appear in the case, which refers to an exception taken to an objection which was allowed by the judge. It does not therefore clearly appear that the defendant took any exception, or whether it was he or the plaintiff that took an exception to the allowance of an objection, or what the objection was that was allowed. The defendant offered no testimony upon which to get a ruling by the court, nor did he put any question which the court excluded, to show us that he was injured by the exclusion of testimony which he was entitled to give, and which he was prevented from giving by the decision of the court. Unless he can show us upon this appeal how he was injured and in what the error of the court consisted, we cannot reverse the judgment and give him a new trial (*Graham v. Dunigan,* 2 Bosw. 521, 522.)

Robinson, J. (dissenting).—This action was instituted to procure a limited divorce or separation from bed and board, on the ground of cruel and inhuman treatment. The allegations of the complaint were denied, and on the trial in January, 1871, before a judge and jury, plaintiff was called as a witness on her own behalf, and testified in very general terms to acts

---

* Present, Daly, Ch. J., Robinson and J. F. Daly, JJ.

of violence and ill-usage on the part of defendant, her husband, when they were alone together, also to various circumstances connected with the merits of the case, not relating to acts transpiring when they were alone together. Other witnesses were called on her behalf, who gave testimony as to such ill-usage. When the plaintiff rested, the defendant was called as a witness on his own behalf. Plaintiff's counsel objected to his so testifying on his own behalf, stating that he had confined all his questions to what occurred when the husband and wife were alone together. The judge states, "*I shall confine the defendant's testimony strictly to those facts testified to by the wife when he and she were alone together.* Objection allowed, and exception taken."

The objection was general as to defendant's competency as a witness, and the fair interpretation of the decision is, not that the broad objection was allowed, but that the defendant was competent to testify to matters *that had occurred between him and plaintiff and as to which she had testified;* but beyond that was incompetent, and the " objection allowed."

Defendant's examination was confined within these limits.

In this the judge erred. Previous to the act of 1867, chap. 887, much difference of opinion had existed as to the construction of § 399 of the code, and its various amendments of 1859, '60, '62, '65, and '66, allowing a party to an action to be examined in his own behalf, "the same as any other witness," as to whether it had modified the rules of the common law prohibiting husband and wife from being witnesses for or against each other, and arguments were mainly predicated upon the question whether or not the legislature, by the use of such general terms, contemplated and included the marital relation. The amendment of 1860 seemed to answer that question, by providing that "neither husband or wife should be required to disclose any communication by the one to the other." This provision was, however, excluded from the section as amended by the act of 1862 (*Moffat* v. *Mount,* 17 Abb. Pr. 6), as well as from its amendments in 1863, '65, '66, '67, and '69.

Rule 88 of the Supreme Court, adopted to take effect October 1, 1858, allowed the examination of the plaintiff as a

witness in an action of this character, on a reference on default to take proof of the facts charged, as to any of the acts of cruel or inhuman treatment, which took place when no witnesses were present, who were competent to testify to the facts, on such reference. Beyond this there was no innovation upon or relaxation of the rule of the common law until the act of 1867. There had been conflicting decisions upon this question (see *P.* v. *P.* 24 How. Pr. 197 ; *Bihin* v. *Bihin*, 17 Abb. Pr. 28 ; *Aiken* v. *Baumann*, Id. 28, in note). The act of 1867, entitled " An act to enable husband and wife, or either of them, to be witnesses for or against the other, or on behalf of any party in certain cases," solved the difficulty. It enacted (so far as it relates to this question, in an action for a mere *limited divorce*), that " in any trial, * * the husband or wife of any party thereto * * shall (except as hereinafter stated), be competent * * to give evidence the same as any other witness on behalf of any party to such suit." This statute is independent of the code, and has reference only to witnesses holding the relation of husband and wife. It would prevail if the provisions of the code were abolished, and would only be controlled by the general rules applicable to " other witnesses." The stringent rule adopted (under exception) at the trial improperly circumscribed the competency of the defendant as a witness generally, to any facts material to the issue, and restrained him in that respect, not only to matters occurring between him and his wife when alone together, but also to those as to which she had testified.

I do not think that, after such a ruling and decision, it was necessary for the defendant to propose specific questions outside of the limit thus imposed, in order to render available the distinct exception he had taken. The judgment should be reversed, and a new trial ordered, with costs to abide the event.

Judgment affirmed.