1817.

TURREL<br>v.<br>TURREL.

---

## E. TURREL *against* P. TURREL and JONES.

Where a bill was filed by a wife against her husband, charging him with ill usage, and neglect to provide for her maintenance, and that he was endeavoring to get possession of a legacy left her by her father, the Court, under the 10th section of the act, (sess. 36. ch. 102.) ordered the legacy to be paid into Court, and the money to be put out at interest by the register in her name, and the interest to be paid to her separate or-der, from time to time, &c., until the further order of the Court.

THE bill, in this case, was filed by the *wife* against her *husband,* under the 10th section of the " act concerning di-vorces, and for other purposes;" (session 36. ch. 102. 2 *N. R. L.* 197. 200.) and the acting executor of her father, complaining of ill usage by her husband, and of his neglect to provide for her; and stating that the plaintiff, under the will of her father, was entitled to a portion of his estate, which had been sold, and her share, being about *500 dol-lars, was now in the hands of the defendant *Jones,* the only acting executor; and that her husband had employed an at-torney to sue the executor and recover the money, with the declared intent, that she should have no benefit from it. The bill prayed, that the defendant *J.* might be compelled to pay the money she was so entitled unto, under the will of her father, into this Court, to be paid to the plaintiff, or put out at interest, or otherwise disposed of, for the benefit of the plaintiff, as the Court might direct.

The bill was taken *pro confesso* against *Jones,* and the de-fendant *Turrel* put in his answer. He stated, that he was 73 years of age, and very infirm; that he had been married to the plaintiff 42 years, and had 12 children now living, the youngest being 15 years of age, and all in indigent cir-cumstances.

*March 5th.*

[ * 392 ]

303

TURREL
v.
TURREL.

*H. Bleecker*, for the plaintiff.

——————, for the defendant.

THE CHANCELLOR. The statute *concerning divorces* authorizes the wife to file a bill against her husband, charging him "with such conduct towards her, as may render it unsafe and improper for her to cohabit with him, and be under his dominion and control, or that he has abandoned her, and refuses or neglects to provide for her, and praying for such relief as she may think herself entitled to."

The bill, in this case, is founded upon this part of the statute. After the answer of the husband, proof has been taken, by the testimony of six witnesses, of improper conduct of the husband, and showing acts and declarations of unkindness, ill-will, and hatred on his part, towards his wife ; that he had deprived her of many of the comforts and necessaries of life, and absolutely refused and neglected to

[ * 393 ] provide for her. It appears, further, *that the parties are old, have been married 42 years, and have 12 children ; that they, and their children, are in indigent circumstances ; that the wife has a legacy of about 500 dollars, left her by her father, which is in the hands of the defendant *Jones*, as executor to her father ; and the object of the bill is to have that money secured as a separate provision for the wife. It is in proof that the husband is prosecuting the executor for that money, and has repeatedly declared, that when he obtains possession of it, he will not appropriate any part towards her maintenance.

The statute declares, that if it shall appear to the Court that such a charge, as that contained in the bill, is true, it shall be lawful, whether the Court shall decree a separation from bed and board, or not, " to make such order and decree for the suitable support and maintenance of the wife and her children, or any of them, by the husband, or out of his property, as the nature of the case, and the circumstances of the parties, may render suitable and proper."

Under the circumstances of this case, I deem it just and proper that the legacy given to the wife by her father should be appropriated for her separate maintenance and support. I shall, accordingly, decree, that the defendant *Jones* pay the legacy into Court, to the register, within 30 days after service of a copy of this decree, and that the same, after the complainant's costs are deducted, be put out, by the register, at interest, on good security, or invested in public stock, in the name of the plaintiff, and that the interest be paid, from time to time, as it shall be received, to her separate order, and that

this shall continue to be done until the further order of the Court.

Decree accordingly.