P—— agt. P——.

mui

————◆◆————

SUPREME COURT.

P—— agt. P——.

In the trial of an action for a *limited divorce*, husband and wife are competent witnesses against each other.

In this case, although the wife by living with the husband had condoned the cruelty and inhuman treatment by him towards her, so that she was not entitled to a judgment for a divorce from bed and board, yet as the husband was very penurious, and had declined to provide comfortably for her, the court, under the statute, adjudged that he should pay the wife's costs of the action, and provide for her suitable food and lodging in his own house, and pay her $200 per year, payable quarterly, out of which she could provide herself with clothing and such other articles as she might see fit to purchase.

*It seems*, that although the wife uses language calculated to irritate and provoke the husband, yet, if his treatment of her is *grossly disproportioned* to the provocation, she may nevertheless be entitled to a divorce.

*It seems,* also, that selling the husband's property to procure necessaries is *no justification* for *personal violence.*

*Otsego Special Term and Circuit, June,* 1862.

ACTION for limited divorce. It appeared, on the trial, that the parties were married about thirty-three years ago, and have ever since resided in Otsego county. During their married life there have been misunderstandings and slight controversies, but not of a serious character, until about four or five years ago, when the defendant was guilty of cruel and inhuman treatment toward the plaintiff; he used personal violence and did her bodily harm. The plaintiff, thereafter, freely and of her own will, continued

to live and cohabit with the defendant, and has ever since continued so to do. The defendant, though comparatively poor at the time of the marriage, has become a man of wealth. He has been a man of close and penurious habits, and since he has acquired a competency has not afforded a suitable and proper maintenance to his wife and their children, (seven in number, three of whom are minors,) and has not, at times, provided them with the necessaries of life, especially with family groceries and suitable clothing. In consequence of defendant's penuriousness, the plaintiff, from time to time, contracted debts with different merchants for such necessaries, which defendant has been compelled to pay, and used some of the products of the farm on which the parties lived, without the knowledge or consent of the defendant, and sometimes used language calculated to irritate and provoke him. The facts proved on the trial, satisfied the court that there was no danger of future personal violence from defendant, if plaintiff should continue to live and cohabit with him. The court adjudged that plaintiff was not entitled to, and ought not to have a divorce or separation, in consequence of condonation and of there being no danger of future bodily harm, but that, in accordance with the provisions of the statute, the defendant provide, in his own house, suitable and necessary food and lodging for his wife and children, and pay the plaintiff $200 *per annum*, in quarter-yearly payments, from which she could provide her own clothing and defray her own personal expenses, other than her board, and that defendant pay the costs of the action made on the part of the plaintiff.

A. BECKER, *for the plaintiff.*
E. E. FERRY, *for the defendant.*

CAMPBELL, Justice. The charge of cruel treatment, and on which this action brought for a separation was predicated, was fully made out by proof, on the trial of the

cause. A careful reading of the testimony has only served to strengthen the impressions which were made on my mind as the testimony was given. The defendant interposed two defences, recrimination and condonation. He did not claim that the plaintiff had used any violence towards him, but he insisted that her language had not always been chaste and becoming, and especially that she had appropriated his property in a clandestine manner, and had contracted debts, against his expressed wishes and without his consent, and which he had been compelled to pay. It is sufficient to say here, that the defence of recrimination was not established, and for reasons which will be more fully given hereafter. The fact was not controverted by the plaintiff, that she had secretly used the defendant's property, but it was made to appear that such property was only used by her to procure the necessaries of life for herself and children. The defence of condonation, I am inclined to think, was made out. It was not without some hesitation that I arrived at this conclusion. The question of fact on this point is not entirely free from doubt. The adjudicated cases might well authorize a finding, either that there was or was not a condonation, from the evidence in the case, which was uncontradicted. The hand of the husband was laid on the wife in anger and with violence, and that several times. On such occasions there was no justifiable cause; in one instance, hardly a palliating circumstance. Yet, after all this, the wife lived in the house and cohabited with the husband, and under circumstances which I think forbid the conclusion that she acted from fear or under compulsion. The true secret undoubtedly was, that she was unwilling to break up the family and to leave her daughters, some of whom were young and in feeble health, and needing a mother's care and attention. There can be no doubt, I think, that after the time when the *last* act of violence was committed by the defendant, there were periods when

domestic harmony was restored.   I have great confidence that such harmony may not only be restored, but continued, if the parties will, in good faith, execute the judgment which the laws of our state authorize me to make in a case like the present.   The statute to which I refer is as follows : (3 *R. S.*, 5*th ed.*, 238, § 68.)   " Although a decree for separation from bed and board be not made, the court may make such order or decree, for the support and maintenance of the wife and her children, or any of them, by the husband or out of his property, as the nature of the case renders suitable and proper."   This wise provision in our law meets the precise wants of this case.   The history of these parties during their married life, as it was developed on the trial, satisfied me that the trouble between them arose chiefly, if not entirely, from the close, if not penurious habits of the defendant.   That which may have been considered economy and thrift in early days, and when industry was required to procure the necessaries of life, may cease to be either when advancing years bring with them the infirmities of age ; when the wearied body needs repose, and when the labor of the past has been rewarded with an abundance of this world's goods.   And yet this defendant hardly seems to have realized such truths.   As a man of wealth, and having reference to his habits and those of his wife, it may be added, a man of great wealth, he has not provided a " suitable and proper maintenance of the wife and her children."   It would hardly be credited, that during the thirty years, and more, of married life, and many of which years have been to the defendant years of prosperity, he has never purchased a bonnet for his wife, and very few articles of clothing for her or their children.   When those children were infants in her arms, seldom were any hired servants provided for her. She early opened a little account at the store, and procured, on her own credit, clothing for herself and children, and sometimes necessary articles of food for the family.

When the children were small and their wants few, she was enabled to meet and pay this account, with thread which she made herself, and with eggs and poultry which she raised. As the children grew up, and commenced going to school, and especially to sabbath-school, the wants for clothing increased and the account ran beyond her ordinary means, and other products of the farm were disposed of, and in some instances the defendant was sued and compelled to pay the accounts. I do not understand that any portion of the accounts were for anything except necessaries, either some articles of furniture for the house, articles of food, especially groceries, or clothing for herself or children. When sued on one of these accounts, the defendant posted his wife. Such conduct on the part of the father, who was known to all the family to be a man of wealth, had a tendency to alienate the affections of the children, and to cause them to gather round the mother, looking to her alone for their comfort and enjoyment. Several of the children were called as witnesses by the mother—none were called by the father. These children appeared well on the stand. The defendant is evidently a man of more than ordinary intelligence, a man of integrity and, it is believed, of unimpeachable moral character. This is true also of the plaintiff. I desire that these parties, the plaintiff and defendant, both now well stricken in years, may go down the hill of life hand in hand together. They owe it to themselves, to their children, and to society to do so. Several years have passed since any violence was done. In my judgment there is not the slightest danger of any in the future. The two hundred dollars a year will enable the plaintiff to purchase clothing and other necessaries for her personal comfort in her declining years. It is intended, of course, only for a partial maintenance. Her home will still be with her husband and children, and the defendant will, after this, I doubt not, see to it that there shall be no lack of at least the neces-

saries of life. The law of the state is, that I may make such order for her maintenance, as the nature of the case renders suitable and proper. In my judgment, it is suitable and proper that the defendant maintain his wife, under his own roof, that he furnish there the necessary food and other articles for living suitable to their condition in life, and that, in addition, he pay the two hundred dollars per year, to be expended by herself for her clothing, and such additional articles as she may need, or in any manner for the promotion of her own comfort and enjoyment, as she may see fit. I have made no order in relation to the minor children. I can hardly doubt that hereafter the defendant will make a suitable provision for them. At all events, I am disposed to give him the opportunity to do so. The judgment may provide that application, on the footing of it may be made, for a modification of it, if there shall be a failure to comply, or for an allowance for the maintenance of the children. I think the plaintiff and defendant were competent witnesses, on the trial of the action. I may add, however, that most, if not all, the material facts found, could have been found from the other evidence in the cause.