## SUPREME COURT.

### MARY ATWATER, respondent, agt. JOHN G. ATWATER, appellant.

Where a plaintiff brings an action against her husband, and in her complaint sets forth facts and circumstances showing her right to a judgment for separation, on each of the three grounds or causes specified in the Revised Statutes:

1st. The cruel and inhuman treatment by the husband of his wife;

2nd. Such conduct on the part of the husband towards his wife, as may render it unsafe and improper to cohabit with him; and,

3d. The abandonment of the wife by the husband, and his refusal or neglect to provide for her,

The court has no authority to make an order or judgment for the *support and maintenance* of the wife by her husband, where she fails to establish either of the grounds or causes required by the statute to authorise judgment *for separation from bed and board.*

The statute does not authorize a complaint to be filed by a wife, for a support and maintenance by her husband as a distinct, substantive relief.

*Brooklyn General Term, December,* 1868.

*Before* LOTT, P. J., GILBERT, BARNARD, and TAPPEN, *Justices.*

THIS action was brought to obtain a judgment of limited divorce. It was refered to D. P. BARNARD, Esq., sole referee, to hear and determine the issues and to report thereon.

The amended complaint alleges acts by the defendant constituting cruel and inhuman treatment of the plaintiff, also such as render it unsafe and improper for her to cohabit with him, and also abandonment and refusal to support her, as the three grounds on which such a judgment was asked.

The answer thereto denies such acts constituting each of these allegations, and alleges misconduct on the part of plaintiff.

Thus the issues referred to the referee to be tried were made, and such they were. He has tried the issues under the order of reference, and has made his report. By it it will appear that the referee has found every issue of fact made by the pleadings, and upon which the statute allows a decree of limited divorce (*see* 3 *R. S.* 237 *5th Ed.*) in favor of the defendant, and has found as conclusion of law, that the plaintiff is not entitled to the judgment prayed for.

The referee has found certain other facts, to wit, that the age of the plaintiff is sixty-seven years, that the age of the defendant if fifty-eight years, that *at the time of the commencement of this action*, the defendant was the owner of property of the value of $20,000 and upwards, that from about the year 1858, the plaintiff and defendant ceased to cohabit together, although they resided or boarded in the same house, for several years thereafter; that they both entertain towards the other (each other) bitter and hostile feelings, and their residing in the same house would be the cause of unhappiness on the part of both, and that the defendant has refused and neglected to provide for the plaintiff; upon which the referee finds, as one of his conclusions of law "that this is a suitable and proper case for the support and maintenance of the plaintiff by the defendant," and thereupon directs "judgment to be entered that the defendant be ordered to pay the plaintiff fifty dollars per month for the support and maintenance of the plaintiff, to commence with the time of the commencement of this action, less any amount which defendant has paid plaintiff for alimony pursuant to any order of the court, and that the defendant pay to the plaintiff her costs and disbursements in his action." And thereupon, on November 12th, 1868, the plaintiff entered judgment, adjudging that the plaintiff recover of defendant $1,760 (being the amount of the fifty dollars per month from the commencement of the action, to October 29, 1868, less alimony paid during the progress of

the action) and her costs, together amounting to $2,212 66, and also that defendant pay plaintiff $50 per month, monthly, from October, 29, 1868, until the further order of this court.

From this judgment the defendant now appeals.

BRITTON & ELY, *for appellant, defendant.*

The judgment is erroneous in the particulars specified in the exceptions taken herein.

I. Divorces, absolute and limited are granted exclusively by authority of the statute. There never was any inherent jurisdiction in the court of chancery to grant divorces, and there is none now in the Supreme Court. In England it belonged exclusively to the Ecclesiastical courts and to Parliament, and no court in England, not even the Ecclesiastical, had any original jurisdiction to give a wife a separate maintenance.

The granting of a separate maintenance was always incidental to affirmative relief of some other kind. (*Ball* agt. *Montgomery*, 2 *Vesey*, 194; *Bishop on Marriage and Divorce*, § 561.)

II. The Revised Statutes do not authorise any decree for plaintiff, except upon one of the statutory facts found.

The Revised Statutes provide that separation from bed and board (or judicial separation as denominated in the English statutes), either forever or for limited time, *may* be decreed for the following causes:

1. For cruel and inhuman treatment by the husband of his wife.

2. Such conduct on the part of the husband towards his wife, as may render it unsafe and improper for her to cohabit with him.

3. The abandonment of the wife by the husband *and* his refusal or neglect to provide for her. (*See* 2 *Van Sant. Eq. Pr.* 263; *Ahrenfelt* agt. *Ahrenfelt*, *Hoffman Ch. R.* 47.)

These three issues were made by the pleadings, and are

found against the plaintiff. In accordance therewith, no decree under the statute for separation could be made. But, contemplating that there might be cases where, notwithstanding one or more of these facts were found, yet that a court of equity might not deem it best to order a separation, but only provide for a maintenance; it was further provided that in such a case, to wit: Where one of these facts were found, and yet a decree for separation from bed and board be not made, the court may make such order or decree for the support of the wife by the husband, or out of his property, as the nature of the case renders suitable or proper. In other words, the fact or facts provided by the statute, being found to exist, separation may be decreed with support, or support without a decree for separation. Guilt being found, the the punishment may be in the alternative. This is rendered clear by a reference to 2 Revised Laws, p, 200, § 11, from which the enactment in 3 Revised Statutes, p. 238, § 68, 5th ed. was taken, where the same statute as originally enacted appears, and wherein the four sections, 64, 66, 67, 68, in the Revised Statutes, are in substance contained in one, and whereby it appears that either form of decree is to be made only on one of the statutory facts being found.

The annotations upon the margin of the Revised Laws so far as they are authority, render this construction of the statute unquestionable. (*See also Turrell* agt. *Turrell*, 2 *John. Ch. R.* 391; *Perry* agt. *Perry*, 2 *Barb.*, *Ch.* 311; *Van Veghten* agt. *Van Veghten*, 4 *John.*, *Ch.* 501; *Perry* agt. *Perry*, 2 *Paige*, 506; *Palmer* agt. *Palmer*, 1 *Id.* 276.)

The case of *P.* agt. *P.* (24 *How. Pr.* 197), if held to be adverse to the above, cannot be sustained, the point herein raised was evidently not raised in that case.

III. If otherwise, then no such judgment as this can be sustained.

If any such decree can be made irrespective of the facts specified in the Revised Statutes, then such decree is to be

made only upon the theory that the wife, continuing to reside with the husband, is entitled to a certain specific sum for her present and future support, which the court orders to be furnished her for that purpose. This judgment is based upon no such theory. The referee finds as one of the facts upon which he bases his decree, that "their residing in the same house would be the source of unhappiness to both."

On this fact, chiefly, he ordered a judgment for $1,760, and her costs, and $50 per month.

Clearly this $1,760 was not required upon any fact found by the referee, for her present or future support. It is clear that the report and judgment contemplate the payment of such a sum, and in such a manner as will enable the wife to support herself separately from him.

Under this decree, if it can be sustained under the statute, the wife must still live with the husband, and there would be nothing to prevent an action by him against her, for abandonment, if she refused so to do. Then, certainly, she does not require $1,700 to be paid her at once for her immediate expenses.

Besides, there can be no judgment for the recovery of money to be collected by execution, as in this case, by a wife against her husband, against whom no decree of separation has been made. The condition of domestic felicity which contemplates the sheriff entering the house of a man to levy on his furniture, &c., to collect a debt to be paid over by the sheriff to his wife then living with him, is one not particularly enviable, nor one which the courts, or law, would be likely to sanction under our present social condition.

IV. Whatever construction may be placed upon this statute, it is obvious that this judgment is based upon a theory of the law which cannot be sustained, and should be reversed, and judgment should be ordered for defendant. (See *Edmonston* agt. *McLoud,* 16 *N. Y. R.,* 543.

E. L. SANDERSON, *for respondent, plaintiff.*

1. The causes for which separation may be decreed are specified in § 64 (§ 51), part 2, chap. 8, art. 4, 2 R. S.; or 5th ed. R. S., p. 237 and 238, § 65.

2. Section 68 (55) allows the court (although a decree for separation be not made) to make such order or decree for the support and maintenance of the wife, &c., " *as the nature of the case renders suitable and proper.*"

3. It is claimed by the appellant that this *power* of the *court cannot* be invoked at all, unless the respondent has established *facts,* which entitle her to a *decree of separation under* § 64.

4. But the respondent, in reply, insists that if she had shown herself entitled *to* a decree of separation under § 64, that the court would be *bound to make such decree.*

5. But not having established such facts, the court may, nevertheless make, under § 68, such order or decree for her support " *as the nature of the case renders suitable and proper.*" (2 *John., ch.* 391; 24 *How.,* 197; 1 *John., ch.* 108—10.)

6. It is submitted that the decree made is *suitable* and *proper,* and the only question is one of power in the court.

7. The action is brought for *relief.* An answer has been put in. The court may grant *any relief* consistent with *the case made* by the complaint and embraced within the issue " (*Code,* § 275.)

8. That the complaint *alleges* all that is necessary to support the facts found by the referee, in her favor, viz., *the age of plaintiff; neglect, and refusal to provide for her, &c.; value of defendant's property; that they have not cohabited together* is very clear; and that the finding of the fact " that they entertained towards each other hostile and bitter feelings," &c., is within " the case " &c., is also *very clear,* from a moments' perusal of the pleadings.

9. Justice Johnson, (in 2 *Kernan* 12 *N. Y., p.* 341) in speaking of the Code, § 275, says: " The case made by the complaint, and the limits of the issue, alone determine the extent of the power of the court." " These expressions of the statute *include* the *statement* of the right of the plaintiffs and its infringement by the defendants." " These constitute *the case.*"

10. *Again,* the same justice, in the case of *Follett* agt. *The People,* (2 *Kernan, p.* 268), says: "The question in an action is not whether the plaintiff has a legal right, or an equitable right, or the defendant a legal or equitable defence against the plaintiff's claims; but whether, *according to the whole law of the land,* applicable to the *case,* the plaintiff makes out the right which he seeks to establish; or the defendant shows that the plaintiff ought not to have the relief sougt for."

11. But the referee has the same (jurisdiction over *the case,* " as any judge at special term."—(*Code,* 212; 13 *How.* 363, 4 *and* 5.)

12. The relief given by the decree was prayed for in the complaint, and the facts entitling her to such relief were stated therein; she would therefore be entitled to the relief she gets by the decree, even had the defendant *failed to answer.* (*Code,* § 275, *Van Santvoord's, Eq. P.,* 2 *vol., p.* 269 *and note.*)

13. In the present case the only exceptions taken are after judgment to the conclusions of law found by the referee. The facts found stand admitted upon the record, and they will be presumed to be *embraced* within *the case* made by the complaint , and within the issues.

14. The only question for review then, upon this appeal is, whether the facts found support the conclusions of law. (*Code* § 268 § 348; 7, *How.* 9; 12 *How.* 481; 11, *How.* 412.)

15. It is therefore respectfully submitted, that the referee had the *power* to find the facts and the conclusions of *law* as he has done; that the conclusions of law are supported

by the findings of fact; that, " according to the whole law of the land applicable to the case," the plaintiff has clearly established her right to the decree which she has obtained, and that the decree or judgment ought not to be denied. (*Burr* agt. *Burr* 10 *Paige*, 20.)

*By the court* LOTT, P. J.   The Revised Statutes provide that a separation from bed and board forever or for a limited time may be decreed on the complaint of a married woman, subject to certain qualifications not necessary to be here stated, for the following causes:

1st, The cruel and inhuman treatment by the husband of his wife.

2nd. Such conduct on the part of the husband towards his wife, as may render it unsafe and improper for her to cohabit with him.

3d. The abandonment of the wife by the husband, and his refusal or neglect to provide for her.   (2 *R. S., p.* 146 *&c.,* § 50 *and* 51.)

The complaint "shall specify particularly the nature and circumstances of the complainant on which she relies and shall set forth times and places with reasonable certainty." and " the defendant may be permitted to prove in his justification the ill conduct of the complainant and on establishing such defense to the satisfaction of the court, her bill (complaint) shall be dismissed."

It is, then, after providing that " upon decreeing a separation, the court may make such further decree as the nature and circumstances of the case may require and may make such order and decree for the suitable support and maintenance of the wife and her children, or any of them by the husband, or out of his property, as may appear just and proper (§. 54).   It further provides that "although a decree for separation from bed and board be not made, the court may make such order or decree for the support and maintenance of the wife and her children or any of them by

the husband, or out of his property as the nature of the case render suitable and proper," (§ 55).

The complaint in this case sets forth facts and circumstances showing her right to a judgment for separation on each of the three grounds or causes above specified, and the defendant by his answer in addition to the denial, or explanation of the material facts stated by her, sets up in justification of his acts, ill conduct on her part.

The issues raised by the pleadings were referred to a referee to hear and determine, and he, by his decision has found: 1st, that there has been no cruel or inhuman treatment by the defendant of the plaintiff, as charged in the complaint;" 2d, "that there has not been such conduct on the part of the defendant towards the plaintiff, as may render it unsafe or improper, for her to cohabit with him;" 3d, "that the defendant has not abandoned the plaintiff as charged in the complaint;" 4th, "that the defendant has refused and neglected to provide for the plaintiff, as charged in the complaint;" and, 5th, "that the plaintiff has not been guilty of ill conduct as charged in the answer." He then, after stating the ages of the parties, and the value of the property owned by the defendant at the time of the commencement of this action, to have been twenty thousand dollars, and upwards, finds in addition: "that from about the year 1858, the plaintiff and defendant ceased to cohabit with each other, although they resided or boarded in the same house for several years thereafter; that they both entertain towards the other bitter and hostile feelings, and their residing in the same house would be the cause of unhappiness on the part of both."

Upon these facts so found by him, he finds and decides as conclusions of law: 1st, "that the plaintiff is not entitled to a judgment or decree for separation from bed and board from the defendant;" 2d, that this is a suitable case for a judgment or decree for the support and maintenance of the plaintiff by the defendant;" 3d, "that judgment be entered

ordering the defendant to pay the plaintiff fifty dollars a month for such support and maitenance, until the further order of this court, to commence with the time of the commencement of this action, after deducting the monies paid by him as alimony, under former orders of the court;" and 4th, "that the defendant pay to' the plaintiff her costs and disbursements in this action.

Thereupon judgment was entered, ordering the payment by defendant to the plaintiff of the sums directed to be paid by that decision for her support and maintenance, and for her costs and disbursements in this action.

The defendant has excepted to so much of the findings of the referee as finds "that this is a suitable and proper case for a judgment or decree for the support and maintenance of the plaintiff by the defendant;" and also to his conclusion and direction that judgment be entered ordering payments to be made by him for the plaintiff's support and maintenance, and her costs and disbursements in the action in accordance with the said decision.

The exceptions present the question, whether it was competent for the referee, or the court under § 55, above quoted, to make an order or judgment for the support and maintenance of the plaintiff by her husband, when she failed to establish either of the grounds or causes required by the statute to authorize a judgment for separation from bed and board ; and after a careful examination and consideration of the matter, I have come to the conclusion that it is not.

This court has no authority to decree such a separation or to direct such support and maintenance except that specifically conferred by the provisions of law above set forth.

They do not authorize a bill or complaint to be filed by a wife for a support and maintenance by her husband, as a distinct substantive relief.

That relief can only be granted when a separation is asked, and the statute in terms, states three causes only for

which such separation may be adjudged, and it makes it necessary for the plaintiff, in her complaint to specify, particularly, the nature and circumstances on which she relies to establish the cause or causes on which her claim is founded.

In this case the plaintiff has alleged facts bringing her case within each of these three causes, and the referee has found that she has entirely failed to establish the first and second, and as to the third, he finds that there has been no abandonment of the plaintiff by the defendant, but that he had refused and neglected to provide for her. Such abandonment and refusal or neglect are both necessary to justify a judgment for a separation, and it was properly decided that the plaintiff was not entitled to such relief.

Assuming that conclusion to be correct it appears to me that if such facts and circumstances only had been alleged in the complaint as show a refusal or neglect by the defendant, to provide for the plaintiff, but not sufficient to establish an abandonment, they would not have constituted a cause of action, and the complaint would have been dismissed on demurer thereto, upon that ground.

The effect of the referee's decision is, however, to give the plaintiff relief, after a trial upon such facts alone. A construction of the statute that leads to such a result, cannot be proper. We are to construe all of its provisions, in connection, and on the application of that rule, § 55 *supra*, can have full effect, when it shall appear that one or more of the causes of separation has been proven, but that from the fact of condonation or other matter of defense, it would be improper for the court to decree or adjudge her such relief, and yet a judgment for support and maintenance might, in view of all the facts proven, be equitable and proper.

The case of *P.* agt. *P.* (24 *How. N. Y. Pr. R.*, *p.* 197,) appears to have been decided on that principle, or at least is consistent with it. That was an action for limited divorce, and the learned justice, in his opinion, states that "the charge of cruel treatment and on which this action, brought

for a separation was predicated, was fully made out by proof on the trial of the cause," and then, after saying that the defense of recrimination was not established, he adds: "the defense of condonation, I am inclined to think was made out;" and he states his reasons for that conclusion. He also, after referring to the history of the parties, remarks that, "as a man of wealth, and having reference to his habits and those of his wife, it may be added, a man of great wealth, he has not provided a suitable and proper maintenance of the wife and her children." This statement shows that the plaintiff, but for her condonation of the cause of action, would have been entitled to a judgment of separation, and that failing in obtaining that relief, her husband's former neglect to provide for her properly, in connection with the cruel treatment, of which he was found guilty, made it a proper case for the court to decree a reasonable provision for her future support and maintenance.

. So, too, if the 55th section read in immediate connection with the 51st, setting forth the three causes of separation, they may be construed as authorizing, in case any of these be established, either a judgment for separation with a suitable support and maintenance, or for such support and maintenance alone, or, as briefly and well expressed by the defendant's counsel, in his points, "the fact or facts provided by the statutes being found to exist, separation may be decreed, with support, or a support without a decree of separation."

The three grounds for separation above specified, were substantially contained and provided for by the Revised Laws, of 1813 (vol 2, p. 200 § 11), and upon either of them appearing to the court, a decree for a separation or for a suitable support and maintenance might be made. The subdivision of the matters contained in that section by the Revised Statutes into several sections does not require a different construction to be given to the whole statute as an entirety.

The case of *Turrell* agt. *Turrell*, (2 *John. Ch. Rep. p.* 391,) cited and relied on by the plaintiff's counsel to support the present judgment was under the statute of 1813, and the chancellor, in making his decree that a legacy given to the plaintiff by her father's will, should be appropriated to her separate maintenance and support, evidently considered it to be necessary to entitle her to the relief so given, that the acts alleged as a sufficient ground for separation in her bill of complaint, should be established. He says, in his opinion, after referring to the acts of ill usage, by the defendant of his wife, and his neglect to provide for her, " the statute declares that if it shall appear to the court that *such a charge as that contained in the bill, is true,* it shall be lawful, whether the court shall decree a separation from bed and board or not, to make such order and decree for the suitable support and maintenance of the wife and her children, or any of them by the husband, or out of his property, as the nature of the case and the circumstances of the parties may render suitable and proper." He then adds " under the circumstances of this case, I deem it just and proper, that the legacy given to the wife by her father should be appropriated for her separate maintenance and support."

I will add in this connection, that the justice making the decision in the case of *P.* agt. *P., supra* appears by the tenor of his remarks to have been of the opinion that even if acts involving ill usage are established so as to justify a separation, yet such a judgment can be refused when the court is satisfied that there is not any danger thereof in the future, but that it might nevertheless be proper to provide for a support and maintenance.

My conclusion, therefore, after a careful consideration of the question is, that the judgment in favor of the plaintiff should be reversed, without costs of the appeal, and that a judgment should instead thereof be entered in favor of the defendant, and dismissing the plaintiff's complaint without costs.