## DAVIS v. DAVIS.

*Divorce — allowance to wife — mode of securing — when not authorized.*

In an action by a wife for a limited divorce, on the ground of cruel and inhuman treatment, the referee found that such treatment did not exist to a degree authorizing separation, and expressed the opinion that the complaint should be dismissed. The special term did not reverse the order of the referee, yet did not dismiss the complaint, but appointed a receiver to whom defendant was directed to pay a specified sum, to be invested for the support of the wife. *Held*, that if an allowance could be granted, it could not be done by

taking possession of the husband's property through the medium of a receiver in the first instance, but only by requiring security for payment of the allowance, and sequestrating the property in case of default.

*Held*, also, that neither cruel or inhuman treatment by the husband, nor conduct on his part rendering cohabitation unsafe or improper, nor abandonment of the wife by him having been found, the court could not, under 2 R. S. 147, § 55, make an allowance to the wife. *Atwater* v. *Atwater*, 53 Barb. 621.

APPEAL by both parties from a judgment entered at the special term in Suffolk county, August 19, 1871. The action was brought by Sophia C. Davis against William Davis to obtain a limited divorce on the ground of cruel and inhuman treatment. The necessary facts appear in the opinion.

*Smith & Stanbrough,* for plaintiff.

*Wm. Wickham,* for defendant.

TALCOTT, J. This suit was instituted to procure a separation *a mensa et thoro*, on the ground of cruel and inhuman treatment by the defendant of the plaintiff his wife, and upon the ground that the defendant's conduct had been such as to render it unsafe and improper for the plaintiff to cohabit with him.

By the consent of the parties it was referred to a referee to hear the proofs and allegations of the parties, and to report thereon to the court with his opinion. The referee heard the voluminous evidence and reported the same to the special term, together with an elaborate examination thereof, and his conclusions or opinion thereon. The opinion of the referee was to the effect that whenever the defendant had exhibited any violence toward the plaintiff it had been provoked by her, she herself being the aggressor. And the referee negatived the existence of the cruel and inhuman treatment alleged, or such conduct on his part as would render it unsafe and improper for the plaintiff to cohabit with him, but expressed the opinion that the complaint should be dismissed. The justice at the special term did not reverse the decision of the referee on any question of fact, but seemed to agree that this opinion of the referee is not to be disturbed upon the facts. But instead of dismissing the complaint, the special term appointed a receiver and directed the defendant to pay to the said receiver the sum of $3,000, to be invested, and the income or interest to be applied to the support and maintenance of the plaintiff.

Under the provisions of the Revised Statutes, relative to limited divorces (2 R. S. 147, § 55), the court is authorized, although a decree for separation be not made, to make an order for the support and maintenance of the wife and her children, or any of them, by the husband out of his property as the nature of the case renders suitable and proper. It seems, however, that this is to be done not by taking possession through the medium of a receiver of the property of the husband, or any part of it in the first instance, but to require security for the payment of the allowance, and to sequestrate the property of the husband only in the event of his neglecting or refusing to give the security, or upon the default of the husband and his surety after the security is given. 2 R. S. 148, § 60. The judgment in this case would seem, therefore, erroneous even if a judgment for an allowance to the wife might be granted under section 55. The legislature did not intend to authorize the court to seize out of the bulk of the husband's property, in the first instance, a sum sufficient to produce the income deemed a proper allowance for the wife, but only required him to secure the payment, permitting a sequestration of the property only after a default.

But there is a more fundamental difficulty under the rule settled in this department, as to the construction of the said section 55. It was held by the general term of this department in *Atwater* v. *Atwater*, 36 How. 431 ; S. C., 53 Barb. 621, that an order for the maintenance and support of the wife, under section 55, cannot be made unless one of the three grounds upon which the statute authorizes a limited divorce be established in the case. Those grounds are: 1. The cruel and inhuman treatment by the husband of his wife ; 2. Such conduct on the part of the husband toward his wife as may render it unsafe and improper for her to cohabit with him ; 3. The abandonment of the wife by the husband and his refusal or neglect to provide for her. The difficulty in this case, under the rule laid down in *Atwater* v. *Atwater, supra,* is, that there is no finding or adjudication by either the referee or the justice at special term, that either of the three grounds upon which a separation can be authorized exists in the case. The only thing in the nature of a finding or adjudication upon which the judgment for separate maintenance seems to be based is a statement in what seems to be intended as an opinion of the justice at special term, where he says after declining apparently to come to a conclusion adverse to that of the referee, as to the failure of proof of the facts necessary to warrant

a divorce *a mensa et thoro.* "But the whole case shows that whatever be the decision of this action, there is no possibility of the parties living together in harmony. Their disagreements have reached such a point that any expectation of peace between them would be unwarranted." This is not one of the grounds for which a legal separation by the court is warranted, and according to the decision referred to, where such a case alone exists, the parties must be left to bear as they may the inconveniences and griefs resulting from their want of harmony and from their mutual quarreling.

The plaintiff has also appealed from the decree and claims that a divorce should be granted. It is sufficient to say that the testimony before the referee as to the circumstances which transpired at the various quarrels between the parties, and which are alleged by the plaintiff as the grounds and evidence upon which she seeks a decree of divorce, is in the highest degree conflicting, and the case was determined by the referee mainly on the different credibility of the witnesses.

As we must follow the case of *Atwater* v. *Atwater,* before cited, the judgment of the special term appealed from is reversed, and judgment is ordered dismissing the complaint without costs and without prejudice to any new suit to be instituted by the plaintiff against the defendant for a limited divorce.

*Judgment accordingly.*