ADELINE H. DOUGLAS, RESPONDENT, *v.* GEORGE W. DOUGLAS, APPELLANT.

*Decree for maintenance — incident to one for separation — circumstances under which it is granted — Statutory construction — Interlocutory decree — reviewed by motion for new trial, when.*

Under section 54, 2 Revised Statutes, 147, a decree for maintenance can only be made as an incident to one for separation.

The circumstances under which a decree for maintenance may be made, must be of such a nature as would, in themselves, justify a direction of a separation. But, under such circumstances, a decree for separate maintenance may be made even though a decree of separation may not be.

When a law antecedently to the revision of the statutes is settled, either by clear expressions in the statutes or adjudications on them, the mere change in phraseology shall not be deemed a change of the law unless such phraseology evidently purport an intention in the legislature to work a change.

A decree for maintenance which directs that, the amount to be allowed for support be ascertained by a reference, which is therein ordered for such purpose, should be reviewed at the General Term by a motion for a new trial and not by appeal. In cases where the defect has been waived, the court, at General Term, will order that the party seeking a review stipulate to withdraw the notice of appeal, and substitute a notice of motion for a new trial, and pay the costs of the appeal, or else that the appeal be dismissed, with costs.

APPEAL from a judgment decreeing maintenance of the plaintiff by the defendant but denying a separation, entered at Special Term, in an action brought by a wife against her husband for a separation.

*E. C. Benedict* and *John K. Porter*, for the appellant. The only causes for separation from bed and board forever or for a limited time, are those provided in the statute: 1. "The cruel and inhuman treatment by the husband of his wife." 2. "Such conduct on the part of the husband toward his wife as may render it unsafe and improper for her to cohabit with him." 3. "The abandonment of the wife by the husband, or his refusal or neglect to provide for her." (2 R. S., 146, §§ 50, 51; *Atwater* v. *Atwater*, 53 Barb., 623, 625, opinion by LOTT, J.; *Davis* v. *Davis,* 1 Hun, 444, opinion by TALCOTT, J.) The non-existence of all these causes is found and decided by the court without any exception or appeal on the part of the plaintiff. The issues having been decided in favor of the defendant, that is to say, the court having adjudged, without exception or appeal that the plaintiff never had a cause of action, it was erroneous to award to her the relief she demanded. (*Atwater* v. *Atwater, supra ;* 53 Barb., 621; *Davis* v. *Davis*, 1 Hun, 444.) Intemperance is not a cause of separation or separate maintenance, any more than other improper habits or vices, such as Sabbath breaking or profanity. (*Mason* v. *Mason*, 1 Edw., 278, 284, 292; affirmed on appeal by WALWORTH, Ch.; note in Edw.)

*Wm. C. Barrett*, for the respondent. The appeal is premature, as the decree provides for a reference before a final decree should be entered. (*Lawrence* v. *Farmers' L. and T. Co.*, 15 How., 57; *D'Ivernois* v. *Leavitt*, 8 Abb., 59; *McMahon* v. *Allen*, 7 id., 1; *The People* v. *Haws*, 34 Barb., 69; *Griffin* v. *Cranston*, 5 Bosw., 658; *The People* v. *Haws*, 34 Barb., 80 ; 2 R. S., ch. 8, part 2, art. 4, tit. 1, § 55 [Edm. ed., 153].) It is equally clear that the court may order a reference to take proofs bearing upon this question. (Code, § 271, sub. 3.) And this is the only question which by any possibility can be heard upon this appeal. (*Lawrence* v. *Farmers' L. and T. Co.*, 15 How., 62.) Doubtless, the principal question to be argued on this appeal is whether, conceding that the plaintiff

was justified in leaving her husband's house, by reason of his conduct — conduct not amounting, however, to that technical "cruel and inhuman treatment," which is a ground of divorce — she is entitled to maintenance. In 1787, the legislature conferred upon the Court of Chancery the power to grant divorces for adultery. This act was substantially re-enacted in the revision of 1813, and the additional power was given to the court to make, in specified cases, a decree of separation from bed and board. (2 R. L. of 1813, p. 200, §§ 11, 13.) It is not permitted to interpret what has no need of interpretation. (*People* v. *N. Y. C. R. R. Co.*, 13 N. Y., 80; *Dresser* v. *Brooks*, 3 Barb., 29.) The general system of legislation upon the subject-matter of a statute may be taken into view in order to aid the construction of a particular statute relating to the same subject. (*Fort* v. *Burch*, 6 Barb., 74; 1 Pick., 248, 254; 10 id., 241; Sedg. on Con. Stat. Laws, 195, 196, 206, 207, 208, 219, 220; *P.* v. *P.*, 24 How. Pr., 197.) The case of *Atwater* v. *Atwater* (53 Barb., 621), was decided upon the foregoing case, and the case of *Turrel* v. *Turrel*, (2 Johns. Ch., 391), hereafter referred to. If the acts complained of would not furnish ground for a divorce *a mensa et thoro*, the court, in its discretion, may exercise its equitable jurisdiction under the statute, and decree a proper maintenance and support. (*Chaffer* v. *Chaffer*, 15 Mich., 184; Stat. of Mich. [2 compiled laws], p. 1472; *Nicely* v. *Nicely*, 3 Head's [Tenn.], 184; *Chandler* v. *Chandler*, 13 Ind., 492.)

DANIELS, J.:

The court found neither of the facts proved in this case, for which alone a judgment for a separation could be directed according to the provisions of the statute of this State. (3 R. S. [5th ed.], 237, § 64.) But it was found that the husband was a person of intemperate habits, and for that reason he was adjudged liable to provide for the support and maintenance of his wife, out of his property. This circumstance was insufficient, under the statute just referred to, for the purpose of justifying a judgment for a separation in the plaintiff's favor, and it was so considered by the learned judge before whom the cause was tried. But the judgment which he directed was deemed by him to be justified by the section of the statute providing that: "Although a decree for separation from bed

and board be not made, the court may make such order or decree for the support and maintenance of the wife and her children, or any of them, by the husband, or out of his property, as the nature of the case renders suitable and proper." (3 R. S. [5th ed.] 238, § 68.)

A similar provision was contained in the statute of this State, previously existing upon this subject, but it was then combined with another which declared and defined the causes for which separations between husband and wife could be decreed. And it in terms provided that the right to support and maintenance on the part of the wife should depend upon the charge in the bill appearing to be true. Where that was made to appear by the evidence, an order or decree for the suitable support and maintenance of the wife could be directed, whether a separation was, or was not decreed. (2 R. L., 200, § 11.) And it could not be done unless the cause for which, according to the terms of the statute, a separation could be decreed, was established by the evidence. (*Turrel* v. *Turrel*, 2 Johns. Ch., 391.)

By the change made in the revision of the statutes, the terms rendering the right to support and maintenance expressly dependent on the truth of the charge contained in the bill, was omitted, but the causes for which a separation may be adjudged, were as clearly expressed as they previously had been. It was provided that a separation between husband and wife can be decreed only for certain enumerated causes, and when that is adjudged, then a decree for the support and maintenance of the wife and her children, out of the husband's property, may also be made. (3 R. S. [5th ed.], 237, § 64; 238, § 67.) Under the latter section the decree for maintenance can only be made as an incident to one for a separation. The right is rendered wholly dependent on that circumstance; and then. follows the section already quoted, which confers the power to decree a separate maintenance out of the.husband's property, although a decree for a separation may not be made. The facts which should be made to appear, in order to justify the making of such a decree, are not mentioned in this section. But it cannot reasonably be assumed that a mere arbitrary authority for that purpose was intended to be created by the legislature. If it were, the courts for all imaginable causes could decree a separate maintenance of the wife by the husband, whenever, as a

mere matter of discretion, that might be deemed proper. An authority of that nature over the marital rights of parties, should be clearly created before its existence can be presumed. It could not have been the intention of the legislature to confer it by means of this provision, although it has been left without any express qualification or restriction. The section itself is part of a system providing for and governing actions for separation between husbands and wives, and it should be construed so as to render it harmonious with the general scheme provided for. That has given the courts the power to interfere only for certain defined and specified causes, and they must be of such a nature as would, in themselves, justify the direction of a separation. If no such cause can be shown, then the courts under these provisions are without authority over the parties. But if one or more of them are established by proof, then a separation, with a decree for the maintenance of the wife and her children, may be made in her favor. And the further power has been conferred, of making the provision for her separate maintenance, even though a decree for separation may not be made. But it has not authorized the decree for a separate maintenance when the cause which might justify a separation has not been proved. It is only after it has been established, and the separation itself for some reason denied, that the power has been given to award a separate maintenance. Although in the prescribed cases one may be withheld, that, in and of itself, will not necessarily deprive the wife of the other.

This restriction of section 68 is required by the circumstance that the redress provided for is entirely statutory in its character, and the causes for which the courts may interfere are clearly declared. For such causes, or at least one of them, and for nothing else, the statute has provided the relief which may be decreed. It is only for them that the action can be maintained at all, and consequently it could not have been intended that a failure in the foundation of the case could be attended with success as an incidental result of it. This statute was a revision of that preceding it, which, in plain words, required the case to be proved, before a separate maintenance, without a separation in fact, could be decreed. In this respect, certainly, no reason existed for suggesting a change, and none can be supposed to have been intended by the unimportant omission

observed in making the revision. The rule on this subject is well established, that " where a law antecedently to a revision of the statutes is settled, either by clear expressions in the statutes or adjudications on them, the mere change of phraseology shall not be deemed a change of the law, unless such phraseology evidently purport an intention in the legislature to work a change." (Sedg. on Stat. and Const. Law, 428, 429, and cases referred to.) There was no propriety in changing the preceding law in this respect, and none can be properly inferred from the changes which were made. The reasonable construction of the statute, when its provisions are all considered together, is, that it was only intended to provide redress when some one of the causes rendering it proper could be shown from the evidence given to exist. It is required by the general scope and purposes of the statute, and is well sustained by adjudicated cases. (*P.* v. *P.*, 24 How. Pr., 197; *Atwater* v. *Atwater*, 53 Barb., 621; *Davis* v. *Davis*, 8 S. C. [1 Hun], 444.) If the defendant has become an habitual drunkard, and for that reason in danger of squandering his property, a different mode of proceeding has been provided for the protection of the plaintiff against the consequences of that misfortune. It cannot be done in an action like the one now before the court.

The plaintiff objects that the appeal has been prematurely taken, because the judgment ordered provided for a reference to ascertain the amount which should be allowed for her support. Until that has been done, the judgment cannot be final, and for that reason it was not the proper subject of an appeal. The direction was not an order rendered appealable by section 349 of the Code. It was a judgment, though not final in its character, and was a proper subject for review by the General Term, by way of a motion for a new trial, under section 268 of the Code. The necessary exceptions for that purpose appear in the case, and the only defect in the practice followed, was in giving notice of an appeal, instead of notice of a motion for a new trial.

A notice of appeal was improper; all that was required beyond the case and the exceptions to the decision as they have been made, was the service of a notice of a motion for a new trial. Precisely what has been done, was provided for by the section referred to, except that the case should not have been brought before the court as an appeal,

but as a motion for a new trial. In that form the General Term has complete jurisdiction to review the decision complained of by the defendant. If a formal motion had been made at the General Term to dismiss the appeal, leave could have been given the defendant, on terms, to correct his practice by changing the notice of appeal to that of a motion for a new trial. (Code, § 174.) It is not yet too late to allow that to be done. There will be no propriety in dismissing the appeal, when all the defendant can be required to do to bring the case again on for a hearing, will be to serve notice of a motion for a new trial. The practice can be corrected and the case finally disposed of at this time, by an order directing that the application made on the argument for the dismissal of the appeal, be granted with costs, unless the defendant within twenty days pay the costs of the appeal, and stipulate to withdraw the notice of appeal, and serve in its place a notice of motion for a new trial. And, upon that being done, so much of the direction as provides for the recovery, by the plaintiff, of her support and maintenance out of the defendant's property, and directs a reference to ascertain its amount, should be set aside and a new trial ordered.

DAVIS, P. J., and DONOHUE, J., concurred.

Ordered accordingly.