### ROBINSON v. ROBINSON.

(Supreme Court, Special Term, Kings County. November 7, 1910.)

DIVORCE (§§ 46, 231, 294*)—SEPARATION—CRUEL AND INHUMAN TREATMENT—EFFECT OF PROVOCATION.

A wife provoking her husband to strike her and to use abusive language amounting to cruel and inhuman treatment, if unprovoked, will be denied a separation, but the court will direct the husband to support, by proper allowance, her and a child of the marriage.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 145, 777; Dec. Dig. §§ 46, 231, 294.*]

Action by Edith Y. Robinson against George L. Robinson. Judgment denying separation, but requiring defendant to support plaintiff and a child of the parties.

Leonidas Dennis (Battle & Marshall, of counsel), for plaintiff.
Robinson & Robinson (Philo P. Safford, of counsel), for defendant.

CRANE, J. It is very difficult to make specific findings of fact in a case like this which will give a satisfactory setting or coloring to the married life of these parties.

While I have passed upon the findings submitted, yet I am justified in drawing reasonable inferences from the facts proved which cannot be confined to single incidents, as they show to my mind the highly charged atmosphere of the home due to the excessive jealousy of the husband and the aggravating conduct and insinuations of the wife, coupled with the self-will and excitability of both. Hard and fast rules of law cannot be made for marital conduct when nature has given such varying temperaments and dispositions as we find in men and women. The courts must judge life as it is, and not as it ought to be.

When the wife tantalizes her husband into a temper, the resulting hasty words and violent deeds may not amount to cruel and inhuman conduct as the law uses these words, although men might agree that insults and violence to a wife are inhuman. Otherwise she would be permitted, when seeking relief in court, to profit by her own acts.

As I informed counsel at the close of the trial in the hearing of their clients, I find that the plaintiff's charges are in the main true, and, likewise, that the provocation alleged by the defense is substantiated by the evidence; that both parties have given about as fair a statement of the facts as could be expected if allowance be made for ill feeling and interest. The law does not say that a man is ever justified in losing his temper, striking, and swearing at his wife, but it does say that when she comes into a court asking a separation with support because of such conduct the husband may show in defense that he was nagged on and provoked by her constant aggravating and exasperating treatment until he lost his temper and said and did things he never meant or intended.

In this case there were no improper relations between the plaintiff and Joseph Bailey, but the defendent was extremely jealous of him. Jealousy often thrives on mere trifles inflamed by suspicion and imagination. Love, not hatred, is at the base of it, so that it brings an excruciating mental suffering, equal if not surpassing, that of physical pain. What seem trifles to strangers, however, are often serious and mighty when feelings are soft and tender. If the defendant through jealous, hasty temper struck the plaintiff, had she caused him no injury by rousing and goading his jealousy? Without doubt the defendant passionately loved and still loves his wife. That he is of a very jealous disposition cannot be denied and is perhaps explained by her attractions. That her casual meetings with Mr. Bailey, her companionship with women objected to by her husband, and her repeated refusal to tell him of her daily whereabouts caused the quarrels complained of is proven by the evidence. Jealousy and suspicion have been the only cause of trouble between this couple.

If the defendant quarreled with his wife, she provoked it. If he used improper language, it was in temper which she did little to pacify. If he struck her, so also has she struck him and on these occasions, before he had raised a hand to her; if he pulled down pictures, so did she; if he got excited and profane, she, on the other hand, repeatedly refused to tell of her goings during the day, and thrice removed the defendant's money from his pocket. Such are some of the incidents in this home from which I gather that if the defendant

did use violence toward the plaintiff which, unprovoked, would amount to cruel and inhuman treatment, yet she also used violence toward him, excited his jealousy, and helped to bring about these conditions.

Therefore I have decided that, while the defendant struck the plaintiff and used offensive language, yet I will refuse her a decree of separation because of her treatment of him. The complaint I do not dismiss, but refuse the relief asked, directing, however, that the defendant support his wife and child by proper allowance. This I believe to be within the power of the court under these circumstances, as decided in P. v. P., 24 How. Prac. 197; Turrel v. Turrel, 2 John. Ch. 391; Atwater v. Atwater, 53 Barb. 625; Douglas v. Douglas, 5 Hun, 140. The law as gathered from these cases appears to be that support may be awarded "when it shall appear that one or more of the causes of separation has been proven, but that, from the fact of condonation or other matter of defense, it would be improper for the court to decree or adjudge her such relief, and yet a judgment for support and maintenance might, in view of all the facts proven, be equitable and proper, * * * 'the fact or facts provided by the statutes being found to exist, separation may be decreed, with support, or a support without a decree of separation.'" Atwater v. Atwater, supra. In Douglas v. Douglas, at page 144, it was said, referring to the statutory causes of separation:

"If no such cause can be shown, then the courts under these provisions are without authority over the parties. But, if one or more of them are established by proof, then a separation, with a decree for the maintenance of the wife and her children, may be made in her favor. And the further power has been conferred of making the provision for her separate maintenance, even though a decree for separation may not be made. But it has not authorized a decree for a separate maintenance when the cause which might justify a separation has not been proved. It is only after it has been established, and the separation itself for some reason denied, that the power has been given to award a separate maintenance. Although in the prescribed cases one may be withheld, that, in and of itself, will not necessarily deprive the wife of the other."

Under the circumstances here shown and with the limitations of a cause proved, but a decree properly refused, the case of Davis v. Davis, 75 N. Y. 221, cannot hold to the contrary, as both the Atwater and Douglas Cases are cited with approval.

Judgment decreed in accordance herewith.